Gastenau v. Commonwealth.

---

CASE 63—VIOLATION OF CITY ORDINANCE—MAY 15.

# Gastenau v. Commonwealth.

| 108 | 473 |
| 123 | 166 |

APPEAL FROM BELL CIRCUIT COURT.

PERRY GASTENAU WAS CONVICTED FOR THE VIOLATION OF A CITY ORDINANCE, AND HE APPEALS. REVERSED.

VALIDITY OF CITY ORDINANCE—UNREASONABLE INTERFERENCE WITH INDIVIDUAL LIBERTY.

Held: A city ordinance declaring that it shall be unlawful for any woman to go in and out of a building where a saloon is kept for the sale of liquor, or "to frequent, loaf, or stand around said building within fifty feet thereof," and providing for the punishment of any saloon keeper who shall permit a violation of

that provision of the ordinance, is void, as being an unreasonable interference with individual liberty.

G. W. SAULSBERRY, Attorney for appellant.

1. The ordinance in controversy is repugnant to the Constitution, and is a restraint on the free locomotion of individuals, which as a police power of the city has no authority to control. 40 Am. Reports, page 126.

2 Municipal by-laws must be reasonable and whenever they appear not to be so, the court must as a matter of law declare them void. Cooley Con. Limitations, star page 200, and authorities there cited

F D. GOODWIN and T. G. ANDERSON, Attorneys for Appellee.

This is a police regulation in the interest of good society, and the upbuilding of good morals, and to prevent the young and unwary girls of the community from being led astray by the lewd and depraved, and the ordinance should be upheld by the courts in the interest of virtue and morality.

Opinion of the court by JUDGE GUFFY—Reversing.

The sole question presented for decision is whether or not the following ordinances are valid or constitutional. The appellant, having been convicted for a violation thereof, prosecuted an appeal to the circuit court, and, the circuit court having adjudged the ordinances valid, and rendered a judgment for cost against the appellant, he prosecutes an appeal from so much of the judgment as holds said ordinance to be valid. The ordinances read as follows: "Be it ordained by the board of council of the city of Middlesboro, Bell county, Ky.: (1) That it shall be unlawful for any woman to go in and out of any building where a saloon is kept offering for sale any spirituous, vinous and malt liquors, or to frequent, loaf or stand around said building within fifty feet thereof. (2) That it shall be unlawful for any saloon keeper or his clerk or employes to allow or permit any woman or women to come in or out of his building where spirituous, vinous and malt

Gastenau v. Commonwealth.

liquors are sold or offered for sale, and it shall be the duty
of said saloon keeper, clerk or employes to immediately no-
tify the officers that the first section of this ordinance had
been violated, giving the name and color of the offender.
(3) Any woman violating section No. 1 of this ordinance
shall be guilty of a misdemeanor, and upon conviction
shall be fined in any sum not less than $1.00 nor more than
$10.00, or confined in the city jail not less than ten days
nor more than thirty days, or both, at the discretion of
the court.    (4) Any saloon keeper, clerk or employe of the
saloon keeper violating section No. 2 of this ordinance
shall be guilty of a misdemeanor, and upon conviction
shall be fined in any sum not less than $5.00 nor more
than $10.00 for the first offense, and for the second offense
it shall be good grounds for the revocation of said saloon
keeper's license." It is contended for appellee that the
sole object of the ordinance is to regulate and control the
sale of liquors by reason of the fact that very disreputable,
low, and vile women congregate in and about saloons and
places where liquor is sold, thereby causing affrays, fights,
murder, and other crimes. It is claimed that under sub-
section 27 of section 59 of the Constitution the city coun-
cil had authority to enact the ordinances in question. It
is insisted for appellant that, in any event, the ordinance
is too sweeping in its nature, and subjects every woman
who may chance to be walking along the street and meet
a friend, and stop within fifty feet of a saloon, or should
go into a hotel where liquor is sold, to arrest and pun-
ishment. It seems to us that the ordinance in question is
unreasonable, and an unnecessary interference with in-
dividual liberty, and tends to subject the vendor of liquors
as well as citizens to unreasonable prosecutions. If the
ordinance only included the persons mentioned in appel-

lee's brief, we are not prepared to say that it would be invalid. But it might be that very good women would, for proper and legal purposes, find it necessary to go into a building where liquor was sold, or stop for a reasonable time within fifty feet of same; and, besides, we know of no rule of law which prohibits a well-behaved woman, for a lawful purpose, and in a lawful manner, from going into or near a saloon. It may be taken for granted that it is not often that such would be the case, but the ordinances in question make no exceptions. If the citizens of Middlesboro choose to have saloons established where liquor is sold, it follows that all orderly and well-behaved persons have a right in an orderly manner, and for a lawful purpose, to visit such saloons. For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with directions to the court below to adjudge the ordinances in question invalid and unconstitutional, and for proceedings consistent herewith.