## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY v. THE STATE.

1. Where a case is tried in an inferior judicatory and carried to the superior court by certiorari, copies of all papers connected with the trial of the case in the inferior court, which are material to an understanding of the errors complained of, must come to the superior court in the certiorari record; and this is true notwithstanding such papers may have originally been office papers of the superior court.
2. It follows that where an indictment returned to the superior court is transferred to the county court and there tried, and the accused files a petition for certiorari complaining of a judgment of conviction, the indictment should be incorporated in the answer of the county judge, or in some way identified by him as the indictment under which the accused was convicted; and where this is not done, no question made in the petition as to the sufficiency of the indictment can be considered.
3. The evidence authorized the verdict, and there was no error in overruling the certiorari.

Argued December 15, 1902. — Decided January 8, 1903.

Certiorari. Before Judge Seabrook. Berrien superior court. October 28, 1902.

*H. S. Murray* and *Hall & Wimberly*, for plaintiff in error.
*W. E. Thomas*, *solicitor-general*, contra.

COBB, J. The Georgia Southern and Florida Railway Company was tried in the county court upon an indictment charging it with a violation of the Penal Code, § 522, which requires that railroad companies shall keep an adequate supply of pure drinking-water at all hours of the day and night in each passenger-car on its trains. A judgment of guilty was rendered by the county judge presiding without a jury. The case was carried to the superior court by certiorari, where the judgment of the county judge was affirmed, and to this ruling the accused excepted.

1, 2. The bill of exceptions specifies, as record material to an understanding of the errors complained of, "the original bill of indictment," the petition for certiorari, the answer of the county judge, and the judgment of the superior court. The clerk has transmitted to this court the petition for certiorari and the answer of the county judge, as well as the judgment of the superior court upon the certiorari. The indictment upon which the accused was tried is embodied neither in the petition for certiorari nor in the answer of the county judge, nor attached to either as an exhibit.

There appears in the record a copy of a special presentment charging the accused with the commission of the offense for which it was tried, but there is nothing either in the petition for certiorari or the answer to identify this presentment as the one under which the accused was tried in the county court. One of the grounds of the petition for certiorari was that the county judge erred in overruling a demurrer to the indictment, but this point can not be considered, for the reason that the special presentment appearing in the record is not identified as the one under which the accused was tried; and even if it were so identified, it could not be made a part of the record by a specification in the bill of exceptions, but should have been embodied in the petition for certiorari and identified in the answer, or embodied in the answer or otherwise identified by the county judge. It is true that an indictment returned to the superior court is an office paper of that court; but when it has been transferred to the county court, it becomes from that time an office paper of the county court, and the superior court can not, upon certiorari, consider any question relating to the sufficiency of the indictment unless it is embodied in the petition for certiorari and identified by the answer, or embodied in the answer, or attached to one of them as an exhibit and duly authenticated. But even if an indictment, after having been transferred to the county court, retains its character as an office paper of the superior court, it is certainly indispensable that the indictment be identified in some way by the county judge as the one under which the trial in his court was had.

3. The evidence warranted the verdict, and there was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*