## TAYLOR *v.* CITY OF SANDERSVILLE.

1. In a proceeding in a municipal court to enforce an ordinance of the municipality, judicial notice will be taken of the existence and substance of the ordinance.
2. A municipal ordinance making it penal for any person "to be found idling, loitering, or loafing upon the streets" of the municipality is not void as an effort to punish for the same acts which are embraced within the State laws against vagrancy.
3. To warrant a conviction under such an ordinance it is not necessary that the municipality should prove that the accused is without property or means of support.
4. Statements of fact made in a petition for certiorari can not be considered on the hearing when they are not verified by the answer.
5. Questions not made in the record will not be considered although they may be argued here.

Argued May 18, — Decided May 30, 1903.

Certiorari. Before Judge Holden. Washington superior court. March 6, 1903.

*Evans & Evans*, for plaintiff in error.
*Hardwick & Hyman*, by *Fulton Colville*, contra.

SIMMONS, C. J. After conviction before the mayor of the City of Sandersville, Taylor sued out a writ of certiorari. On the hearing before the judge of the superior court the certiorari was overruled. Taylor excepted. From the petition and the answer of the mayor it appeared that Taylor was convicted of a violation of a municipal ordinance making it penal for any person "to be found idling, loitering, or loafing upon the streets of the City of Sandersville."

1. The petition for certiorari alleged that the conviction was illegal and contrary to law, because no ordinance making it penal to idle, loiter, or loaf upon the streets of the city was introduced in evidence or proved to be in existence. This ground is verified by the mayor, who, however, states that there is such an ordinance of force, and embodies it in his answer. That a municipal ordinance can not be judicially noticed by State courts is well settled in this

State, as well as by the decisions of the courts of other States. They are treated as are private statutes, and must be alleged and proved as matters of fact. This rule, however, does not in any sense apply to a proceeding in a municipal court to enforce an ordinance of the municipality. In such a proceeding the court will take judicial notice of the existence and substance of the ordinance. Relatively to the municipal court, an ordinance of the municipality stands upon the same footing as do public acts of the legislature in the courts of the State. They are the laws of the forum, — the enactments of the legislative department of the goverment of which the municipal court is the judicial branch. That this is no new doctrine may be seen by an examination of Ex parte Davis, 115 Cal. 445, and cases cited; Conboy *v.* Iowa City, 2 Iowa 90 ; City Council *v.* O'Donnell, 29 S. C. 355, approving City Council *v.* Chur, 2 Bail. 164; Information against Oliver, 21 S. C. 319; Wheeling *v.* Black, 25 W. Va. 266, 281 ; Moundsville *v.* Velton, 35 W. Va. 217; note to Lanfear *v.* Mestier, 89 Am. Dec. 668, and cases cited.

2. The petition also alleged that the conviction of the plaintiff in error was illegal, " because under the charge of disorderly conduct your petitioner could not be convicted of vagrancy, because said vagrancy is an offense against the State laws, and the said mayor of said city is without jurisdiction to try the same." In this ground there are some assumptions of facts which can not be sustained by the record. The answer of the mayor does not verify the statement that Taylor was charged with disorderly conduct, or that he was convicted of vagrancy. On the contrary, it states unequivocally that Taylor, " was not tried for vagrancy, but for idling, loitering, and loafing on the streets of Sandersville, Georgia," and was found guilty of that offense. It was argued that the ordinance in question is void as an effort by the municipal authorities to punish an act which is an offense under the penal statute of the State against vagrancy. To warrant a conviction under the Penal Code, § 453, wherein vagrancy is defined, it is necessary (except in case of professional gamblers living in idleness) to show that the accused is without property or has no means of support. Nor is it essential, under that section, that the accused be found idling, loitering, or loafing upon the streets or in any particular place. This municipal ordinance is materially different; for it makes it penal for any one, regardless of his property or means of support, " to be found idling, loitering, or loafing

upon the streets of the city." The ordinance is not aimed at the lazy and shiftless who are apt to require support in some public institution or else to resort to theft; but at all persons, rich or poor, who loiter or loaf upon the public streets, whose idleness makes them less likely to act in accordance with the best interests of the city, and who, at best, render more difficult the passage of others along the streets. With the policy of the municipal authorities in passing this ordinance we have nothing to do; it is enough for our purposes that it does not seek to impose a punishment for the same acts which are made penal by the laws of the State.

3. It was alleged that the verdict was contrary to evidence and without evidence to support it. In support of this ground it was argued that the evidence failed to show the financial condition of the plaintiff in error. What we have said above really disposes of this ground. If the ordinance imposes a punishment upon all persons found idling, loitering, or loafing upon the streets, without regard to their property or means of support, it must follow that proof of the financial condition of the accused was not essential to a conviction. The evidence set out in the answer of the mayor warranted the conviction of the accused, and there was no error in refusing to sustain the certiorari on this ground.

4. The petition for certiorari alleges that the conviction was illegal, because the accused " was not presented before his trial with a copy of charges and the list of witnesses against him, he not having waived the same." The answer of the mayor states that " upon a verbal demand of [Taylor's] attorney, he was furnished with a copy of charges and the witnesses." Even if there were any merit in this ground as it is stated in the petition, it can not be considered, as the allegations of facts upon which it is based are not verified by the answer.

5. The above disposes of all the assignments of error and of the case. It is true that, in the brief filed in this court for the plaintiff in error, it was argued that the ordinance was invalid because " unreasonable, oppressive, and unconstitutional," but there is no assignment on which such a contention can properly be predicated, and the record contains no intimation that any such question was made before the mayor or in the superior court. This court is therefore without jurisdiction to decide it.

<em>Judgment affirmed. By five Justices.</em>