Case 20—PROSECUTION AGAINST C. S. PRICE FOR A VIO-
LATION OF A CITY ORDINANCE PROHIBITING IN-
FANTS OR FEMALES TO DRINK IN HIS SALOON OR TO
REMAIN THEREIN OVER FIVE MINUTES.—June 7.

# Commonwealth for use City of Madison-
ville v. Price.

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

From a judgment of the Circuit Court, rendered on
appeal from the Police Court, dismissing the prose-
cution the Commonwealth appeals. Reversed.

1. Municipal Corporation—Violation of Ordinance—Process—
Amendment—A defective summons charging a violation of a
municipal ordinance may be amended.
2. Intoxicating Liquors—Police Power—Ordinances—Validity—A
municipal ordinance prohibiting a saloon keeper from permit-
ting infants or females to drink in the saloon, or to be or re-
main therein over five minutes, etc., is valid.
3. Municipal Corporations—Ordinances—A city council has a large
discretion in the enactment of ordinances, and an ordinance
enacted under the police power will not be declared void unless
it is clearly oppressive or unreasonable.
4. Same—Violation of Municipal Ordinances—Burden of Proof—It
is competent for a municipality, in adopting an ordinance, to
provide what shall be prima facie case of a violation thereof,
and to place on the accused, charged with such violation, the
burden of showing that the case falls within an exception
named in the ordinance.
5. Intoxicating Liquors—Violation of Ordinance—Proof that a
saloon keeper suffered an infant or female to drink in the saloon
or remain therein over five minutes shows a violation of an
ordinance prohibiting a saloon keeper from permitting infants
or women to drink in the saloon or to remain there over five
minutes, and declaring that it shall be a defense to show that
such infant or female was in good repute, etc., and accused
has the burden of proving the defense.

G. W. SYPERT for appellants.

Commonwealth for use City of Madisonville v. Price.

## POINTS AND AUTHORITIES.

1. An ordinance of a city of the fourth class which prohibits women, excepting certain classes, and except in cases of reasonable necessity, to visit or drink in a saloon is not unreasonable, and not unconstitutional as abridging the privileges and immunities of citizens. (Dunn, etc., v. Commonwealth, 20 K. L. R., 1649; ex-parte Smith, 38 Cal., 702 Re Consadine, 83 Fed. Rep., 157.)

2. Burden can be placed on defendant in certain instances. (Dunn, etc., v. Commonwealth, 20 K. L. R., 1649.)

3. Legality of an ordinance of city of fourth class may be tested by appeal by either party from Police Court to Circuit Court, and from thence to Court of Appeals, in cases where fines of twenty dollars or less are imposed or authorized. (Ky. Stat., section 3519; Dunn, etc., v. Commonwealth, 20 K. R. L., 1649.)

JONSON & JENNINGS for appellee.

## POINTS AND AUTHORITIES.

1. The summons did not state a public offense and the demurrer was properly sustained. (Crim. Code, Sec. 311 and 27; Comth. v. Leak, 76 S. W., 368; Connor v. Comth., 13 Bush, 714; Comth. v. Hildreth, 33 S. W., 838; Hurd v. Comth., 15 R., 332.)

2. The ordinance in question is invalid. (Gastineau v. Comth., 108 Ky., 473, 56 S. W., 705; McNulty, etc., v. Toopf, etc., 75 S. W., 258; Louisville v. Wehmhoff, 76 S. W., 880; Ordinances City of Madisonville, Art. XI., Secs. 11, 17, 15, 18 and 54.)

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

The city of Madisonville adopted the following ordinance: "It shall be unlawful for any infant or female to go into or be in or drink intoxicating liquors in any saloon or place for sale of such liquors, or any room used in connection with and opening into such saloon or place for the sale of such liquors, or in any billiard or poolroom within the city, or for the keeper or proprietor or controller, or one in charge of such room or place of business, to suffer or permit such infant or woman to drink therein, or to be or remain for over five minutes. Any one violating any provision of this ordinance shall be fined not less than $5 and not more than $20 for each offense. It shall be a defense to this ordinance if the person charged with its viola-

tion shall show that such infant or female was of good repute and was at the time sober and orderly and had the consent so to do of the parent or guardian of the infant or husband of the female, or in case of reasonable necessity. A violation of this ordinance shall be good cause for revoking the license." A summons was issued against appellee· from the police court of the city charging him with violating the ordinance. A jury trial was waived, the evidence was heard, and the court thereupon dismissed the prosecution on the ground that the ordinance is invalid· An appeal was taken to the circuit court, which concurred in the conclusion of the police court as to the invalidity of the ordinance, and the commonwealth has appealed to this court.

By section 3519, Ky. St. 1903, the legality of the ordinances of a city may be tested by either party by appeal to the circuit court and from the circuit court to this court. Counsel for appellee raises the question that the summons is defective, but that question was not made in the police court or in the circuit court. The only question determined there was as to validity of the ordinance. If the summons is in any way defective it may be amended. City of Louisville v. Wehmhoff 116 Ky. 812, 24 Ky. L. R. 438, 76 S. W. 876, 79 S. W. 201. In Dunn v. Commonwealth, 105 Ky. 834 20 Ky. L. R. 1649, 49 S. W. 813, 43 L. R. A. 701, 88 Am. St. Rep. 344, a city ordinance prohibiting prostitutes from being on the streets of the city between the hours of 7 p. m. and 4 a. m., except in instances of reasonable necessity to be clearly shown by the party charged, was sustained. The court said: "Courts and law writers have found it difficult to define the extent and boundaries of the police power. It certainly extends to the protection of the lives, health, and property of the citizens, and to the preservation of good order and public morals. Every citizen has the constitutional guaranty of life, liberty, and the enjoyment of his property; and they cannot be taken from

him, except by due process of law. Social and conventional rights, however, are subject to such reasonable limitations in their enjoyment as will prevent them from being dangerous and hurtful to the body politic; and the law-making department of the government, under the power vested in it by the Constitution, can enact laws providing for such reasonable restraints and regulations as may be necessary and expedient to secure social order and public morals.'' In Gastenau v. Commonwealth, 108 Ky. 473, 22 Ky .L. R. 157, 56 S. W. 705, 49 L. R. A. 111, 94 Am. St. Rep. 386, an ordinance prohibiting any woman from going in or out of a building where a saloon is kept, or from standing around the building within 50 feet of it, and imposing a penalty upon any saloon keeper who permitted a violation of the ordinance, was held invalid. The court said: ''It seems to us that the ordinance in question is unreasonable, and an unnecessary interference with individual liberty, and tends to subject the vendor of liquors, as well as citizens, to unreasonable prosecutions. If the ordinance only included the persons mentioned in appellee's brief, we are not prepared to say that it would be invalid. But it might be that very good women would, for proper and legal purposes, find it necessary to go into a building where liquor was sold, or stop for a reasonable time within 50 feet of same; and, besides, we know of no rule of law which prohibits a well-behaved woman, for a lawful purpose and in a lawful manner, from going into or near a saloon.''

It will be observed that the ordinance in question is not liable to the objections pointed out by the court. The ordinance in question only prohibits the saloon keeper from suffering or permitting infants or women to drink in the saloon or to be or remain therein over five minutes, and it provides that it shall be a defense if the person charged should show that the infant or female was in good repute, and was at the time sober and orderly, and had the consent of the parent or

guardian of the infant or husband of the female, or in case of reasonable necessity. It is a well-known fact that the frequenting of saloons by lewd women tends to immorality, and that the frequenting of saloons by infants is not promotive of good citizenship. The city council has a large discretion in the enactment of ordinances and an ordinance enacted under the police power will not be declared void unless it is clearly oppressive or unreasonable. It was competent for the legislative body in making the law to provide what should be a prima facie case, and to place upon the defendant, in case a violation of the law was shown, the burden of showing that the case fell within one of the exceptions named in the ordinance. The ordinance makes it an offense for the saloon keeper to suffer an infant or female to drink in his saloon, or to be or remain there over five minutes, and when these facts are shown the prosecution has made out its case, and the burden then shifts to the defendant to show that the case falls within one of the exceptions named in the ordinance.

Judgment reversed, and cause remanded for further proceedings consistent herewith.