### 4195. TOOLE *et al. v.* GEER.

RUSSELL, J. 1. The object of service of a bill of exceptions is to put the defendant in error on notice. An entry of service by the sheriff can not give validity to a void bill of exceptions. An acknowledgment of service merely takes the place of service and entry of service by the sheriff, and is evidence that the physical paper was served. The act

of 1911 (Acts of 1911, p. 149) allows counsel to reserve as against a real defect, but if there is *no real defect* he has reserved nothing. A bill of exceptions may always be amended so as to insert proper parties, and the attempt to reserve the right to object to service in the present case was ineffectual, because it is apparent from the acknowledgment of service that the defendant in error knew in what case the paper was intended to be a bill of exceptions, and that it might be perfected by an amendment making the proper parties. Where it is apparent that the defendant in error has in fact been served with the physical bill of exceptions, and the only defect in the bill of exceptions is as to the statement of the proper parties, the writ of error will not be dismissed, if the bill of exceptions can be amended by making proper parties.

2. "Where a case is tried in an inferior judicatory and carried to a superior court by certiorari, copies of all papers connected with the trial of the case in the inferior court, which are material to an understanding of the errors complained of, must come to the superior court in the certiorari record." *Georgia Southern & Florida Ry. Co.* v. *State*, 116 *Ga.* 845 (43 S. E 254).

3. Where judgment was rendered in a justice's court in favor of the plaintiff, upon an account, for $100, and it was sought to review this judgment by certiorari, it being contended in the petition for certiorari that the justice's court was without jurisdiction, because the plaintiff's claim, as shown by the evidence, was over $100, and the amount of the claim had not been reduced by any credit "appearing on the cause of action sued on," a copy of the original summons, with the plaintiff's cause of action attached, was material to a proper understanding of the error complained of. The magistrate did not send up with his answer copies of the original proceedings, and the petitioner for certiorari did not duly file exceptions to the answer; consequently the judge of the superior court did not err in dismissing the certiorari. *Judgment affirmed.*

DECIDED FEBRUARY 24, 1913.

Certiorari; from Miller superior court—Judge Worrill. April 22, 1912.

The bill of exceptions described the plaintiffs in error as "Joe Toole et al." The judgment complained of was the dismissal of a certiorari sued out in the name of "Colquitt German Coach Horse Co., a firm composed of Joe Toole and fourteen others," in "a cause wherein W. I. Geer was the plaintiff and petitioners were defendant." The following acknowledgment of service, signed by W. I. Geer, appears on the bill of exceptions: "I hereby acknowledge service of the above and foregoing bill of exceptions, together with all the exhibits therein referred to, after same was certified; copy and all other and further service is hereby waived. This acknowledgment of service does not include the service of the suit as brought by W. I. Geer *v.* Colquitt German Coach Horse Co., and is not to be considered as waiving service for W. I. Geer in case

of W. I. Geer *v.* Colquitt German Coach Horse Co., a partnership." In this court counsel for the plaintiffs in error filed an amendment to the bill of exceptions, "adding to the same as parties the 'Colquitt German Coach Horse Company, a firm composed of Joe Toole et al.,' in order that the same may proceed in" that name.

*P. D. Rich,* for plaintiffs in error.

*W. I. Geer,* contra.