## 6005.  POLSTON v. THE STATE.

RUSSELL, C. J.  1. An acknowledgment of service merely takes the place of service and entry of service by the sheriff, and is evidence that the physical paper was served (*Toole* v. *Geer*, 12 *Ga. App.* 409, 77 S. E. 368); and a motion to dismiss a bill of exceptions on the ground that the copy thereof remaining in the clerk's office shows that no service was perfected or acknowledged, and that counsel has no "recollection" of having been served or having acknowledged service, will avail the movant nothing, when the original bill of exceptions shows an acknowledgment of service, and there is no evidence of any character tending to dispute the truth of such acknowledgment.

2. A plea of guilty may, as a matter of right, be withdrawn before sentence. *Bearden* v. *State*, 13 *Ga. App.* 264 (79 S. E. 79); Penal Code, § 971. See also *Griffin* v. *State*, 12 *Ga. App.* 615 (77 S. E. 1080). It was therefore error for the court to refuse to allow the defendant to withdraw his plea of guilty, upon a proper motion made before judgment was pronounced, no matter what may have been the reasons actuating the defendant in withdrawing his plea.

> *Judgment reversed. Broyles, J., not presiding.*
> DECIDED JANUARY 20, 1915.

Accusation of gaming; from city court of Carrollton—Judge Beall.  November 11, 1914.

*Newell & Spradlin, Adamson & Brown,* for plaintiff in error.
*C. E. Roop, solicitor,* contra.