GUIDONI v. WHEELER, City Jailer.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2592.

1. MUNICIPAL CORPORATIONS ☞594—POWER TO DEFINE CRIME—ORDINANCES.
   Act March 2, 1903, c. 978, 32 Stat. 944, authorizes the council of municipal corporations in Alaska to declare by ordinance what shall be a misdemeanor. Act April 28, 1904, c. 1778, 33 Stat. 529, entitled "An act to amend and codify the laws relating to municipal corporations in the district of Alaska," provides that the common council shall have and

exercise the powers therein enumerated, and embraces all the subjects contained in the former act, with the single exception that it omits the provision giving power to declare what shall be a misdemeanor. *Held*, that the act of 1904 was intended to take the place of the act of 1903 and repeal it, and withdraws the authority to declare what shall be a misdemeanor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1316–1320, 1327, 1328; Dec. Dig. ☞594.]

2. MUNICIPAL CORPORATIONS ☞594—POWERS OF COUNCIL—STATUTORY PROVISIONS.

Act April 28, 1904, authorizing the common council of municipal corporations in Alaska to prohibit conduct endangering the public peace, health, or safety, to define such offenses and prescribe the punishment therefor, and to take such action by ordinance, resolution, or otherwise, authorized a city council to adopt an ordinance providing that all persons within the corporate limits having no visible means of living or lawful employment, and all healthy persons found begging the means of support, and all persons habitually roaming about the streets, and all idle or dissolute persons living in or about houses of ill fame, and all persons having no known occupation found wandering about the streets after 11 o'clock at night, should be deemed vagrants.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1316–1320, 1327, 1328; Dec. Dig. ☞594.]

3. MUNICIPAL CORPORATIONS ☞594—POWERS OF COUNCIL—STATUTORY PROVISIONS.

Where the exigencies of municipal life require more rigid regulations than is required in the state at large, a municipal corporation has implied authority under the general powers granted to it to penalize acts already punishable under a statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1316–1320, 1327, 1328; Dec. Dig. ☞594.]

4. MUNICIPAL CORPORATIONS ☞592—ORDINANCES—VALIDITY—"WANDER."

Comp. Laws Alaska, § 2031, provides that all idle or dissolute persons, who have no visible means of living or lawful occupation, and all persons living in houses of ill repute, shall be deemed vagrants. An ordinance of the city of Juneau provides that all persons having no known occupation, found wandering about the streets after 11 o'clock at night, shall be deemed vagrants. *Held*, that the offense defined by the ordinance is not the same offense made punishable by the statute, and the ordinance is valid, since to "wander" is to ramble here and there without any certain course, and the gist of the offense defined by the ordinance is the act of wandering upon the streets after 11 o'clock at night by persons whose act may be a menace to the peace and order of the city, while the statute is intended to prevent vagabondage and worthlessness tending to place upon the public the burden of supporting unworthy persons.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1314; Dec. Dig. ☞592.]

5. MUNICIPAL CORPORATIONS ☞625—ORDINANCES—VALIDITY.

An ordinance adopted by a city in the exercise of power vested in its common council should be sustained, unless clearly unreasonable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1378, 1379; Dec. Dig. ☞625.]

6. MUNICIPAL CORPORATIONS ☞625—ORDINANCES—VALIDITY.

A city ordinance, providing that persons having no known occupation or business, and found wandering about the streets after 11 o'clock at night, should be deemed vagrants, was not unreasonable and inequitable, because of the discrimination respecting the commission of the same act between persons with and persons without occupation or property, since

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the discrimination is against a whole class of persons lawfully regarded as proper subjects for police regulation, such as persons without occupation or visible means of support.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1378, 1379; Dec. Dig. ☞625.]

7. MUNICIPAL CORPORATIONS ☞63—ORDINANCES—PRESUMPTION OF VALIDITY.
Every intendment should be indulged, and every doubt should be resolved, in favor of the validity of a police regulation in the form of a city ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 155, 1378, 1879; Dec. Dig. ☞63.]

Appeal from the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Habeas corpus by Ben Guidoni against J. H. Wheeler, City Jailer of the town of Juneau, Alaska. From an order dismissing the proceeding and remanding the petitioner to custody, he appeals. Affirmed.

John Rustgard, of Juneau, Alaska, for appellant.

J. A. Hellenthal and Simon Hellenthal, both of Juneau, Alaska, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This is an appeal from an order dismissing a habeas corpus proceeding and remanding the petitioner to custody. The appellant, who was the petitioner, was convicted under a complaint which charged him with the misdemeanor of vagrancy, committed in the city of Juneau, Alaska, in that on March 5, 1915, and for 30 days prior thereto, he resided within the corporate limits of the city of Juneau with no visible means of living, or lawful occupation or employment with which to earn a living, and that during said period he did wander about the streets of Juneau after the hour of 11 o'clock p. m., without a lawful occupation or business, contrary to section 2 of Ordinance 27 of the city of Juneau. That section provided as follows:

"All persons within the corporate limits of the city of Juneau who have no visible means of living, or lawful occupation or employment by which to earn a living; all healthy persons who shall be found begging the means of support; all persons who habitually roam about the streets without any lawful business; all idle or dissolute persons who live in or about houses of ill fame; all persons having no known occupation or business, who shall be found wandering about the streets of the city of Juneau after the hour of eleven o'clock at night—shall be deemed vagrants," etc.

[1, 2] The appellant contends that the ordinance is null and void for the reason that the common council of Juneau had no authority to enact it, and had no authority at any time to declare any of the acts denounced, or attempted to be denounced, an offense or crime. The court below sustained the ordinance upon the authority conferred by Act Cong. April 28, 1904, c. 1778, relating to municipal corporations in Alaska (33 Stat. 529), which provides that the common council shall have power to appoint a municipal magistrate, and that the municipal magistrate shall have jurisdiction of all cases for violations of munici-

pal ordinances, and Act March 2, 1903, c. 978, 32 Stat. 944, which gave the city the power to declare by ordinance "what shall be a misdemeanor."

But we are of the opinion that the express authority to declare what shall be a misdemeanor was withdrawn by the act of 1904, which in its title is named an amendment and codification, and which we think was intended to take the place of the act of 1903, and to repeal all of the prior act. It contains an enumeration of the powers conferred upon corporations, and it embraces all the subjects which were contained in the former act, with the single exception that it omits the provision which in the former act gave power to declare "what shall be a misdemeanor." The authority of the city to enact the ordinance in question here must depend, therefore, upon the powers granted by the act of 1904. We think such authority exists by implication in the provisions which, give power—

"to prohibit * * * conduct endangering the public peace, public health, or public safety," and "to define such offenses and to prescribe the punishment therefor," and power "to take such action by ordinance, resolution or otherwise, as may be necessary to protect and preserve the lives, the health, the safety, and the well-being of the people of the town."

[3, 4] It is well settled that an act may be made a penal offense under the statute of a state, and also made punishable under an ordinance of a municipal corporation. The appellant contends that this is so only in cases where express authority has been given to the municipal corporation to legislate upon the subject, and he cites cases to the doctrine that, under general powers granted to a corporation, the city has no implied authority to penalize acts which are already denounced as punishable by the Legislature. Upon that proposition there is great lack of harmony in the decisions. We incline to the view that the better doctrine is that the city may exercise such implied authority in police control where, as here, the exigencies of municipal life seem to require more rigid regulation than is required in the state at large.

Again, it is to be observed that the offense which is defined in the last clause of the ordinance under which the appellant is charged is not the offense which is made punishable by the Penal Code of Alaska. Section 2031 of the Compiled Laws of Alaska provides:

"That all idle or dissolute persons who have no visible means of living, or lawful occupation or employment by which to earn a living; all able-bodied persons who shall be found begging the means of support in public places, or from house to house, or who shall procure a child or children so to do; all persons who live in houses of ill repute—shall be deemed vagrants."

The law thereby defines an offense against the United States. The gist of the offense against the municipality defined by the clause of the ordinance which is under review is the act of wandering upon the streets of the city after 11 o'clock at night, and the ordinance declares that all persons who have no known occupation or business, who shall be found so wandering shall be deemed vagrants. Such an ordinance is a police regulation, for the enforcement of good order and the public safety within the limits of the corporation. Taylor v. Sandersville, 118 Ga. 63, 44 S. E. 845. To wander is:

"To ramble here and there without any certain course, or with no definite object in view; to range about; to stroll; rove; roam; stray." Webster's Dictionary.

And where the wanderer proceeds upon uncertain courses after 11 o'clock at night, upon the streets of a city, and is without occupation or property, it should not be said as a matter of law that the city authorities are without just ground for apprehension that he may be a menace to the peace and order of the city and the safety of its inhabitants. It was for the prevention of such evils that the ordinance was adopted; whereas, the act of vagrancy which is defined in the Criminal Code of Alaska was intended to prevent that vagabondage and worthlessness which tend to place upon the public the burden of supporting unworthy persons, for the offense consists in being idle, and, although able to work, refusing to do so, and living without labor or on the charity of others.

"At common law a vagrant is defined to be a wandering, idle person; a strolling or sturdy beggar; a person who refuses to work, or goes about begging." 39 Cyc. 1108.

In Daniel v. State, 110 Ga. 916, 36 S. E. 293, the court said:

"The statute was enacted to prevent men, able to work, from idling and wandering about the community and becoming drones or thieves, or charges upon the public."

[5-7] It is contended that the ordinance is void as unreasonable, oppressive, and inequitable; and it is said that the man without a job has as good right to wander on the streets as the man with a job. If the ordinance does, indeed, contravene the constitutional requirement of equality, it should be held void for discrimination. But it has been adopted by the city in the exercise of the power vested in its common council, and it should be sustained unless it is clearly unreasonable. We are not prepared to say that it is subject to the objection which is urged. If it were an ordinance which interfered with the right to work, or the right to the use of the streets during working hours, by any class of persons within the municipal territory, a different case would be presented. But since it is well settled that state Legislatures have the right to punish vagrancy, and to denounce a penalty against vagabondage and the wandering of beggars from place to place, it follows that a municipal corporation may not, upon constitutional grounds, be denied the right to discriminate against those who are without occupation or property, and to say that they shall not wander about the streets of the city at an hour of the night when they have no legitimate need to be upon the streets, and when their presence in their needy condition is likely to result in the commission of acts inimical to the peace and the safety of the inhabitants; for while an ordinance, which makes an act done by one penal and imposes upon another no penalty for a like act done under like circumstances, cannot receive judicial sanction for the reason that it is unjust and unreasonable, the same cannot be said of discrimination by municipal authority against a whole class of persons who are lawfully regarded as proper subjects for police regulation, such as persons without occupation or visible means of support.

230 F.—7

The ordinance was adopted by the city of Juneau in view of local conditions, of which we are not advised by the record, but which we must assume were sufficient to justify its enactment. Every intendment should be indulged, and every doubt should be resolved, in favor of its validity. Said the court in Commonwealth v. Price, 123 Ky. 163, 94 S. W. 32, 29 Ky. Law Rep. 593, 13 Ann. Cas. 489:

> "The city council has a large discretion in the enactment of ordinances, and an ordinance enacted under the police power will not be declared void unless it is clearly oppressive and unreasonable."

> "An ordinance, to be void for unreasonableness, must be plainly and clearly unreasonable. There must be evidence of weight that it took inception either in a mistake, or in a spirit of fraud or wantonness on the part of the enacting body." Horr & Bemis, Municipal Police Ordinances, § 127.

The order is affirmed.