31418.   LEWENSTEIN *v.* CURRY *et al.*

DECIDED MARCH 1, 1947.   REHEARING DENIED MARCH 26, 1947.

*William G. Grant, George & John L. Westmoreland,* for plaintiff in error.

*James F. Cox, Mose S. Hayes,* contra.

MACINTYRE, J.   The plaintiff in certiorari contends that the

property here involved, upon which it was sought to erect an apartment house in violation of a zoning ordinance, is the same as that involved in *Lewenstein* v. *Brown,* 200 *Ga.* 433 (37 S. E. 2d, 332), that the same ordinance is involved in both cases, and that the *Brown* case is controlling in the instant case.

The case of *Lewenstein* v. *Brown,* supra, involved the zoning of the property there in question for residence purposes only in an unincorporated area of Fulton County, Georgia. A zoning ordinance alleged to have been violated was introduced in evidence, and the Supreme Court held that the ordinance did not grant the Board of Zoning Appeals of Fulton County, Georgia, the authority to grant permission for the erection of an apartment house on property that had been zoned for residence purposes only.

Conceding that the property now in question is the same as that referred to in the *Brown* case, that case is not controlling in the instant case, for here the allegations in the petition and the answer of the inferior judicatory, the Board of Zoning Appeals, show the existence of a zoning ordinance but do not show its terms and provisions. In the *Brown* case the terms and provisions of the ordinance were shown.

The defendant in certiorari contends that the plaintiff in certiorari must show error before the judge of the superior court can reverse the decision of the inferior judicatory; and that, since a certified copy of the ordinance in question was not introduced in evidence in the instant case, and the petition and the answer of the inferior judicatory did not show the terms and provisions of such ordinance, neither the superior court nor this court can take judicial cognizance of it, and that it is therefore impossible for that court or this court to tell whether any error has been committed in the application of such ordinance at the time of such proceeding.

Furthermore, the defendant in certiorari contends that the ordinance referred to in the *Brown* case has been amended, and that the amendment so changed the effect of the ordinance as to make the decision in the *Brown* case not applicable in the instant case, even if the provisions of the original ordinance and the amendment had been properly shown in the record. However, none of such provisions were shown in the present record, and it was impossible for the judge of the superior court to say whether the Board of Zoning Appeals committed error in not following such provisions.

The burden is upon the petitioner for certiorari to show error. He must plainly and distinctly set forth the errors complained of, and the superior court can not, upon certiorari, consider any question relating to the application of the provisions of the ordinance to the evidence unless the provisions of the ordinance are embodied in the petition for certiorari and identified by the answer or embodied in the answer or attached to one of them as an exhibit and duly authenticated. Code, § 19-203; *Knowles* v. *Coachman,* 109 *Ga.* 356 (34 S. E. 607); *Georgia Southern & Florida Ry. Co.* v. *State,* 116 *Ga.* 845 (43 S. E. 254); *Taylor* v. *Sandersville,* 118 *Ga.* 63 (supra); *Toole* v. *Geer,* 12 *Ga. App.* 409 (77 S. E. 368); *Finkelstein* v. *Ingram,* 19 *Ga. App.* 483 (91 S. E. 787).

The record in the instant case shows the existence of a zoning ordinance made pursuant to the act of 1937 (Ga. L. 1937-8, p. 819), and the act of 1939 (Ga. L. 1939, p. 584), but does not show its terms and provisions, and thus it was impossible for the superior court or this court to determine whether any error was committed by the Board of Zoning Appeals in its application of the provisions of the ordinance to the evidence in the case. *Taylor* v. *Sandersville,* supra; *Hill* v. *Atlanta,* 125 *Ga.* 697 (54 S. E. 354, 5 Ann. Cas. 614); *Courtney* v. *Hunter,* 159 *Ga.* 321 (125 S. E. 714); *Hamm* v. *Wilson,* 169 *Ga.* 570 (151 S. E. 11); *Bateman* v. *Atlanta,* 51 *Ga. App.* 10 (179 S. E. 403); *Slaughter* v. *LaGrange,* 60 *Ga. App.* 555 (4 S. E. 2d, 410); *Wright* v. *Atlanta,* 61 *Ga. App.* 650 (7 S. E. 2d, 215); *Childrey* v. *Atlanta,* 62 *Ga. App.* 107 (7 S. E. 2d, 919). See, in this connection, *Mayor &c. of Macon* v. *Shaw,* 16 *Ga.* 172, 185.

The plaintiff in certiorari failed to show error, if any was committed, and the judge of the superior court erred in sustaining the petition for certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*