### 31497. CROWE *v.* CITY OF ATLANTA.

68

Decided March 11, 1947.   Rehearing denied March 28, 1947.

C. E. Moore, E. L. Fowler, for plaintiff in error.

J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, contra.

MacIntyre, J.   The defendant, C. R. Crowe, was convicted in the Recorder's Court of the City of Atlanta for violating the municipal milk ordinance which prohibits the delivery of milk without a permit.

The defendant applied to the Superior Court of Fulton County for a writ of certiorari; his petition was sanctioned and the writ issued.   After hearing the petition on its merits, the superior court overruled and dismissed the petition.

The evidence discloses that prior to the alleged violation a permit to deliver milk within the corporate limits of the City of Atlanta was issued to the employer of the defendant, L. J. Crow Dairy Company.   Because of violations of the milk ordinance, this company was notified by the sanitary and health departments of the City of Atlanta to discontinue delivery of milk in the city until the requirements of the ordinance had been carried out.   The defendant was notified personally of the order of the sanitary and health departments.   Subsequently to the above notices, the defendant, an employee truck driver, made several milk deliveries within the corporate limits of Atlanta.

Paragraph three of the petition for certiorari alleged "that the specific violation of the milk ordinance referred to, with which he was charged as aforesaid, was delivering milk without a permit." This paragraph was admitted by the deputy recorder of the City of Atlanta in his answer. The evidence authorized a conviction of the specific violation of such general milk ordinance with which the defendant was charged, by delivering milk without a permit.

This allegation in paragraph 3 of the petition is the only allegation as to any of the provisions of the milk ordinance which was alleged in the petition as a matter of fact. Thus the crime alleged is the violation of a general ordinance. There was no other provision of the ordinance in the nature of an exception or otherwise alleged in the petition or referred to in the answer in the form of an allegation of fact.

We can not agree with the defendant that paragraph 5 of the petition for certiorari specifically sets out the terms of the ordinance by which a permit to deliver milk may be revoked. We interpret this paragraph as stating that, at the conclusion of all the evidence, the attorney for the petitioner made a motion to dismiss "all of these cases," and he then quotes verbatim his contentions as to why the cases should be dismissed. This paragraph is merely a statement of the contentions of the defendant, and the deputy recorder merely admitted that the plaintiff in certiorari made these contentions, but the deputy recorder did not admit that the facts set out in these contentions are in fact true and correct. Hence, we can not agree that paragraph 5 specifically sets out as matters of fact the terms of the ordinance by which a permit to deliver milk may be revoked.

"In a proceeding in a municipal court to enforce an ordinance of the municipality, judicial notice will be taken of the existence and substance of the ordinance" by such municipal court, but "a municipal ordinance can not be judicially noticed by State courts." Such ordinances are treated as private statutes and must be alleged and proved as matters of fact in such courts. *Taylor* v. *Sandersville,* 118 *Ga.* 63 (44 S. E. 845) ; *Lewenstein* v. *Curry,* 75 *Ga. App.* 22 (42 S. E. 2d, 158).

The evidence showed that the alleged permit under which the defendant delivered the milk had been revoked before the delivery thereof. The record in the instant case shows no provisions of the

milk ordinance in question except that it was unlawful to deliver milk in the City of Atlanta without a permit. As to how such permit may be revoked under such ordinance, the record does not show. It merely shows that it was revoked. If the defendant, as a defensive matter, wished to show that there was a provision in said ordinance as to how the permit should be revoked, and that this provision was not complied with, he should have pleaded such provision of the ordinance. Otherwise, it was impossible for the superior court or this court to determine whether in revoking the permit such provision of the milk ordinance had been violated, for upon certiorari the superior court can not consider any question relative to the application of any of the provisions of the ordinance to the evidence except those provisions embodied in the petition for certiorari and identified by the answer, or attached to one of them as an exhibit and duly authenticated. *Lewenstein* v. *Curry,* supra; *Taylor* v. *Sandersville,* supra; *Frierson* v. *State,* 67 *Ga. App.* 829 (21 S. E. 2d, 438); *Hill* v. *Atlanta,* 125 *Ga.* 697 (54 S. E. 354, 5 Ann. Cas. 614).

Each paragraph of the petition for certiorari was admitted by the deputy recorder in his answer, except subparagraphs a, b, c, and d of paragraph 7, which were specifically denied. The answer of the deputy recorder was, therefore, not subject to the exception that it was incomplete, insufficient, and did not reply specifically to the allegation in the petition for certiorari.

Paragraph 7 of such petition states that the judgment of conviction was erroneous for certain reasons or on certain grounds, and then states such reasons and grounds in subparagraphs a, b, c, and d thereof. The answer denied specifically that the judgment was erroneous for the reasons thus stated in such subparagraphs a, b, c, and d. The defendant traversed that part of the answer contained in such subparagraphs. The judge did not err in dismissing such traverse, "for the reason same presents no issue of fact to be presented to a jury."

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*