### 43696.  STAGGERS v. THE STATE.

FELTON, Chief Judge. 1. Following the mandate of the Supreme Court in its judgment reversing the judgment of affirmance by this court in *Staggers v. State,* 224 Ga. 839 (165 SE2d 300), the judgment of this court is hereby vacated. This action renders it necessary for this court to rule upon the general grounds of the unamended motion for a new trial.

2. The evidence was insufficient to show that the defendant was guilty of the acts charged in the indictment for molesting a minor under the age of fourteen years on November 22, 1966, the date alleged in the indictment. The only evidence offered to show that the crime was committed before December 21, 1966, was that it occurred "just before school started last year," which meant 1966. This court cannot take judicial notice of the fact that O'Keefe High School in Atlanta "started" the last part of August or the first part of September, 1966. This is not the type of fact within the purview of *Code* § 38-112. *Matheson v. Brady,* 202 Ga. 500, 501 (43 SE2d 703). No statute governs when O'Keefe High School opens for a school year. We cannot determine when it opens by taking judicial notice of the rules of adminis-

trative agencies or municipal ordinances governing public schools or the actions of public or private authorities or agencies pertaining to private school systems. *Irwin v. State,* 204 Ga. 111, 125 (49 SE2d 70); *Davis v. General Gas Corp.,* 106 Ga. App. 317 (126 SE2d 820); *Hubbard v. Ruff,* 97 Ga. App. 251 (103 SE2d 134); *Griffin v. State,* 183 Ga. 775, 779 (190 SE 2); *Crowe v. City of Atlanta,* 75 Ga. App. 67 (1) (42 SE2d 160). We have been cited to no rule by the Board of Education covering any fact as to the opening of the school in question as published by the Secretary of State of which we are required to take judicial notice under the Administrative Procedure Act, Ga. L. 1964, pp. 338, 346.

3. The evidence was likewise insufficient to authorize a conviction of the offense charged at a time other than that alleged in the indictment but within four years prior to the date alleged. The only evidence as to any other violation of the Act charged was that the defendant began "bothering" the victim (a daughter) when she was 7 or 8 years old and that he would just "fumble around my body"; that he continued to "bother" her from the time she was seven, she "guessed" about every month. This evidence was wholly insufficient to prove the offense charged. No amount of legerdemain can convert the rule of presumptions of the continuance of a state or continuation of a fact or facts, even if the basis for such presumption is valid, into a reverse exercise in gymnastics, to arrive at a conclusion that where a well described illegal act is proved, a presumption arises that other acts, general and without specifics, were of the same nature as the last one performed.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

ARGUED JUNE 3, 1968—DECIDED JANUARY 23, 1969.

*Heyman & Sizemore, Benjamin H. Oehlert, III,* for appellant. *Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.