Cherthel Lee **STAGGERS**

v.

**Leroy N. STYNCHCOMBE, Sheriff,
Fulton County, Georgia.**

**Civ. A. No. 13415.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 21, 1970.

Benjamin H. Oehlert, III, Heyman & Sizemore, Atlanta, Ga., for petitioner.

Carter Goode, Asst. Dist. Atty., Lewis R. Slaton, Dist. Atty., Atlanta Judicial Circuit, Atlanta, Ga., for respondent.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an application for writ of habeas corpus filed by a state prisoner presently confined in the Fulton County Jail, Atlanta, Georgia. The sole contention for consideration is whether petitioner could be tried again for a crime of which he was convicted, which conviction was reversed by the Georgia Court of Appeals for insufficient evidence. Staggers v. State, 119 Ga.App. 85, 166 S.E.2d 411 (1969). Petitioner contends that the retrial and conviction violated his United States constitutional rights under the Fifth Amendment, invoking the former jeopardy clause.

Petitioner has exhausted his state remedies as required by Title 28 U.S.C.A. § 2254. The Georgia Supreme Court denied relief to petitioner by way of habeas corpus. Staggers v. State, 225 Ga. 581, 170 S.E.2d 430 (1969).

The Georgia Court of Appeals reversed the conviction on the ground that the State had failed to prove a material element of the crime. The element and only element held by the Court of Appeals not to have been proven on petitioner's first trial was evidence that the child allegedly molested was under the age of 14 at the time the offense was committed. Ga.Code Ann. § 26–1301(a). The evidence showed that the girl's fourteenth birthday was December 21, 1966, but that the time of the offense was "just before school started last year," in context referring to the year 1966. The Court held that judicial notice could not be taken that the school "started" in late August or early September and not before December 21, 1966. Staggers v. State, 119 Ga.App. 85(1), 166 S.E.2d 411.

The Supreme Court of the United States has recently held that the double jeopardy prohibition of the Fifth Amendment is enforceable against the States through the Fourteenth Amendment of the United States Constitution. Benton v. Maryland, 395 U.S. 784, 793–796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

However, the United States Supreme Court has uniformly held that the Fifth Amendment double jeopardy provision does not apply to a subsequent prosecution after a defendant has sought and obtained a new trial. United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); United States v. Ewell, 383 U.S. 116, 121–122, 124, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); Gilmore v. United States, 264 F.2d 44 (5th Cir. 1959), cert. den. 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), the Court stated:

"At least since 1896, when United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed 300, was decided, it has been settled that this constitutional guarantee imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside. 'The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence.' United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448."

Also see 395 U.S. 711 at page 721, 89 S.Ct. 2072 at page 2078:

"To hold to the contrary would be to cast doubt upon the whole validity of the basic principle enunciated in United States v. Ball, *supra*, and upon the unbroken line of decisions that have followed that principle for almost 75 years. We think these decisions are entirely sound, and we decline to depart from the concept they reflect."

For the stated reasons, the petition for writ of habeas corpus is denied.

It is so ordered.