**Cherthel Lee STAGGERS, Petitioner-Appellant,**

v.

**Leroy N. STYNCHCOMBE, Sheriff, Fulton County, Georgia, Respondent-Appellee.**

No. 29839.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1971.

gia procedure for moving for a directed verdict. He is entitled to have his case considered as if he had moved for a directed verdict, and it follows that there could be no retrial if state reversal had been for error in failing to direct a verdict of acquittal. We conclude that this argument is foreclosed from a double jeopardy standpoint by Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. See also Gilmore v. United States, 5 Cir., 1959, 264 F.2d 44.

Affirmed.

Benjamen H. Oehlert, Atlanta, Ga., for petitioner-appellant.

Lewis R. Slaton, Dist. Atty., Atlanta, Judicial Circuit, Tony H. Hight, Asst. Dist. Atty., Carter Goode, Atlanta, Ga., for respondent-appellee.

Before BELL, DYER, and RONEY, Circuit Judges.

PER CURIAM:

The petition for writ of habeas corpus which underlies this appeal rests on an alleged violation of the double jeopardy clause of the Fifth Amendment as it was made applicable to the states by Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. The district court denied relief.

We affirm on the opinion of the district court, Staggers v. Stynchcombe, Sheriff, N.D.Ga., 1970, 319 F.Supp. 1305, and with the following additional statement. Appellant narrows his position to the following argument. His first trial was reversed on the basis of insufficiency of evidence—the failure of the state to prove an element of the offense charged. He would thus have been entitled to a direct verdict of acquittal. He was required to proceed by motion for new trial inasmuch as there is no Geor-