A00A0442. TERRELL v. THE STATE.
(536 SE2d 528)

SMITH, Presiding Judge.

Eddie Bernard Terrell was convicted on two charges of surveillance which invades the privacy of another, one count of child molestation, and one count of cruelty to children.[1] On appeal, he challenges the sufficiency of the evidence with respect to the child molestation charge, and he contends that he was denied effective assistance of counsel. Because we are constrained to agree with Terrell that the State failed to prove an essential element of the crime of child molestation, we must reverse the judgment as to that count.

---

[1] He was acquitted on another count of cruelty to children.

1. Terrell contends that the State failed to prove that the victim was under the age of 16 at the time of the acts alleged in the indictment and that he therefore could not have been convicted of the offense of child molestation. In particular, he argues that on the dates of child molestation alleged in the indictment, the victim was over the age of 16. This is true. The victim testified that her date of birth was June 9, 1979. She therefore turned 16 on June 9, 1995. The indictment alleged that the acts of child molestation occurred between February 1, 1996 and April 29, 1996. The victim obviously was over the age of 16 on these dates.

The State is not always restricted to proving that an offense occurred on the dates alleged in the indictment.

> In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations. Where, however, the indictment specifically alleges the date of the offense is material, the accused may be convicted only if the state's proof corresponds to the date alleged.

(Citations and punctuation omitted.) *Green v. State*, 206 Ga. App. 539, 540 (1) (426 SE2d 65) (1992). Here, as in *Green*, the indictment did not specifically allege that the dates were material. Consequently, the State was not restricted to the dates in the indictment. But the State was nevertheless required to prove that the victim was under the age of 16, because that is an essential element of the crime of child molestation. See OCGA § 16-6-4 (a). The age of the victim on the dates the crimes were committed was very much in issue in this case.

The indictment alleged that Terrell committed child molestation by pulling up the victim's clothes and exposing her body. To have occurred when the victim was under the age of 16, this must have happened before June 9, 1995. (As noted above, her date of birth was June 9, 1979.) The only direct evidence presented by the State showing the time period in which the alleged molestation occurred was that the alleged acts occurred in *1996*. A Department of Family & Children Services investigator testified that the victim told her that in March 1996, Terrell would wake her in the mornings by pulling her bedcovers off with one hand and her gown up with the other. This evidence was clearly insufficient to enable a rational trier of fact to convict Terrell of child molestation under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Some evidence does show that the victim's family moved into a house on "Fourth Street" in July 1994. The victim would have been

15 at that time. She acknowledged that Terrell woke her in the mornings and that Terrell would "grab the end of the nightgown and it would pull."[2] She stated that this activity exposed her "stomach area and below" and that "[w]hen the covers would sling off, my nightgown would slide up a little bit." The victim testified that Terrell woke her for school when she was "younger" but not "older." From this evidence, it is impossible to determine whether the alleged acts of child molestation occurred when the victim was 15 and living in the Fourth Street house or later when she turned 16. In fact, the transcript is not clear that these incidents even occurred in the Fourth Street house. Under this evidence, as in *Staggers v. State*, 119 Ga. App. 85, 86 (3) (166 SE2d 411) (1969), the State failed to prove that the victim was underage at the time of the alleged offense of child molestation. Id. at 85-86 (2). We must conclude, therefore, that the "evidence was wholly insufficient to prove the offense charged." Id. at 86 (3). Compare *Arnold v. State*, 167 Ga. App. 720 (1) (307 SE2d 526) (1983) (evidence showed that victim was seven years old when alleged molestation occurred and that the alleged molestation occurred within the statute of limitation). Reversal of Terrell's conviction on the child molestation charge is therefore required.[3]

2. Given our holding in Division 1, Terrell's remaining enumeration of error is moot.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

On Motion for Reconsideration.

Terrell contends we incorrectly concluded that his enumeration concerning his ineffective assistance claim was moot. Assuming, without deciding, that this argument is correct, we find no basis for reversal.

To prevail on an ineffectiveness claim, an appellant must show deficient performance by counsel and a reasonable probability that but for this deficiency, the outcome of the trial would have been different. *Fleming v. State*, 241 Ga. App. 61, 64 (526 SE2d 91) (1999). Terrell has failed in this regard. Many of his contentions involve matters of trial strategy, which do not afford a basis for an ineffectiveness claim. See, e.g., *Hayes v. State*, 236 Ga. App. 617, 620 (4) (b) (512 SE2d 294) (1999). He also makes arguments on appeal that were not raised below, therefore precluding review of these arguments. See *Wooden v. State*, 240 Ga. App. 725, 727 (2) (b) (524 SE2d 776) (1999). Finally, even assuming that counsel was deficient in some manner,

---

[2] She also testified, however, that she wore panties under her nightgown.

[3] We note that Terrell did not appeal from his convictions on the remaining counts. Those convictions therefore stand affirmed.

given the overwhelming evidence against Terrell with respect to the remaining counts on which he was convicted, and given the fact that the jury acquitted him on at least one count, we cannot say that a reasonable probability exists that but for counsel's deficiency, the outcome of the trial would have been different.

*Motion for reconsideration denied.*

DECIDED JUNE 22, 2000 —
RECONSIDERATION DENIED JULY 24, 2000.

*Mark A. Gomez*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.