to back and let him off. The conductor replied he could not do that, as they were on a heavy down grade with a heavy train and a wet track, and that it would be impossible to back up. The plaintiff said, "By G——, I will get off any how," and with that he ran to the front platform and jumped off. The train was going about five or six miles an hour. The conductor did not leave his seat until the plaintiff jumped, but glanced through the window, and the plaintiff was heard to say, "By G——, I told you so," or some other boastful expression. From the way the plaintiff acted the conductor and brakeman judged that he was drunk. The conductor did not push him off, or even touch or make any attempt to do so. He jumped off of his own motion. They frequently carried a rough class of men from Alabama and the iron works up towards Rome.

DORSEY, BREWSTER & HOWELL and McCUTCHEN & SHUMATE, for plaintiff in error.

WRIGHT & HARRIS, *contra.*

---

## DAVIS *v.* THE CITY OF ROME.

The municipal ordinance under which the plaintiff in error was convicted of disorderly conduct not appearing in the record, and none of its provisions being stated or recited, the Supreme Court will not reverse a judgment of the superior court overruling a *certiorari* brought to set the conviction aside. In order to compare evidence with the terms of an ordinance, the substance of the ordinance, if not its letter, must be before the court.

August 1, 1892.                          *Judgment affirmed.*

Practice. Evidence. Municipal ordinance. Before Judge MADDOX. Floyd superior court. September term, 1891.

A petition for *certiorari* was brought by Davis from a conviction before the mayor *pro tempore* of the city of Rome, "upon the charge of disorderly conduct in viola-

tion of section of code of said city." The petition set forth the testimony adduced at the trial, and alleged that the judgment of the mayor *pro tempore* was contrary to law and evidence, and that he erred in not ruling out certain testimony objected to as irrelevant. What was the "section of code of said city," did not appear in the petition. The respondent to the writ adopted the petition as his answer, stating that the facts as alleged therein were true. The *certiorari* was overruled, and the petitioner excepted.

G. & W. HARRIS, for plaintiff in error.
No appearance *contra*.

---

PHILLIPS *et al. v.* AYCOCK.

The motion to reinstate having been made and granted at the same term of the court at which the action was dismissed, the court had jurisdiction of the matter; and on the facts in the record, did not abuse his discretion in reinstating the case.
August 1, 1892.                            *Judgment affirmed.*

Practice.    Reinstatement.    Before Judge MADDOX. Floyd superior court.    September term, 1891.

The exception is to the reinstatement of the plaintiff's case which had been dismissed on demurrer. The allegations of the petition were:  In November, 1886, plaintiff bought of Trimble, through his agent Camp, a certain tract of land for $380, to be paid, $50 cash, $50 December 25, 1886, $140 November 1, 1887, and $140 November 1, 1888.  After the trade was made, Aycock and Phillips agreed with plaintiff to take interests therein and in the land sold, Aycock to take one half and Phillips one quarter, leaving to plaintiff one quarter.  In pursuance of this agreement $50 was paid by Aycock and Phillips, three notes were given to Trimble for the deferred payments with interest, and a bond for title was given by Trimble, signed also by