## WALKER *v.* CITY OF FITZGERALD.

Where the charter of a city empowered the recorder to try offenders against its ordinances only, and, in a petition for certiorari from a judgment of conviction by such recorder, no ordinance appeared making penal the act of which the petitioner was accused and convicted, and it was alleged in the petition that there was no such ordinance, the court erred in refusing to sanction the writ of certiorari.

Argued February 21, — Decided March 1, 1898.

Certiorari.    Before Judge Smith.    Irwin county.    September 10, 1897.

Cutts & Lawson and E. H. Williams, for plaintiff in error.

Tom Eason, solicitor-general, by Anderson, Felder & Davis, and Ryman & Kennedy, contra.

SIMMONS, C. J.    Walker, in a petition for certiorari addressed to the superior court of Irwin county, recited the following facts:    He was arrested and carried before the recorder of the City of Fitzgerald, for trial upon the charge of "disorderly conduct by conducting [himself] in a tumultuous and riotous manner."    He demurred to the accusation, on the ground that "there was no such offense set forth in or known to the laws and ordinances of said city."    Counsel thereupon struck out the words "and riotous," and the trial proceeded upon the charge of "disorderly conduct by conducting [himself] in a tumultuous manner."    At the close of the evidence for the city, counsel for Walker moved the court to dismiss the case, on the ground that "there was no evidence before the court showing or tending to show that [the accused] had violated any law or ordinance of the City of Fitzgerald, and that there was no evidence to show that there was any law or ordinance in force in said city for the infraction of which [the accused] was being

tried." The recorder refused to dismiss the case, and rendered judgment finding Walker "guilty of disorderly conduct by conducting himself in a tumultuous and riotous manner, as charged in the complaint." The petition for certiorari, reciting the above and other facts, was presented to the judge of the superior court, who refused to sanction the writ. Walker excepted and brings the case here for review.

The petition for certiorari distinctly avers that there was no law or ordinance of the City of Fitzgerald making penal the act of which Walker was accused and convicted. The record in the case does not show that there was any such law or ordinance. The charter granted by the legislature to the city does not make such acts penal. This charter authorizes the recorder to try only offenses against the ordinances of the city, passed by its municipal authorities. If the petition of Walker be true, there was no ordinance making penal the act of which he has been convicted, and the recorder, therefore, had no power or jurisdiction to try and convict him. In the case of *Phillips* v. *City of Atlanta*, 78 *Ga.* 774, this court said: "If the demurrer was properly overruled, the authority for overruling it must have been some ordinance, and this makes the question whether there was such an ordinance. We are inclined to think it was matter for the city to show, rather than the petitioner, because the petitioner's theory is that there was no such ordinance." In the present case we think the court should have sanctioned the writ of certiorari and let the recorder, in his answer, show upon what authority or ordinance he based his judgment.

This case differs from that of *Chambers* v. *Mayor & Council of Barnesville*, 89 *Ga.* 739. In that case, the demurrer was based upon an alleged want of jurisdiction of the mayor and council to try the offense charged, because it was a crime against the laws of the State. It was not averred in the petition for certiorari that there was no law or ordinance governing the offense; and this court held that "there being no ordinance in the record, and no complaint that a sufficient ordinance, if the mayor and council had power to pass it, did not exist, the court will presume that such ordinance did exist." In the present case the complaint is that there is no sufficient ordinance of

force; and this court can not, therefore, presume that there was one. The superior court judge could make no such presumption, nor could he take judicial notice of a city ordinance. Such judicial notice may be taken by the recorder, and when he answers he can set out the ordinance under which he acted. With the answer before him the judge of the superior court will then be able to determine whether the ordinance set out therein covers the offense of which the accused was convicted.

*Judgment reversed. All the Justices concurring.*