## HILL v. CITY OF ATLANTA.

1. In a trial before a municipal court the recorder or other presiding judge may take judicial notice of the ordinances of the city, defining offenses against the same.
2. Neither the Supreme Court nor any other court than the municipal court can take judicial cognizance of a municipal ordinance.
3. When a petition for certiorari, brought to review a judgment rendered in a municipal court, assigns error upon the judgment of that court, on the ground that the same is contrary to the evidence, and the existence of the ordinance alleged to have been violated is admitted in the petition, but the provisions of the ordinance are not set out either literally or in substance, it is impossible to tell whether any error has been committed, and this is a sufficient reason for a judge of a superior court to refuse to sanction the petition.

Argued April 16,—Decided May 10, 1906.

Rehearing denied July 3, 1906.

Petition for certiorari. Before Judge Pendleton. Fulton superior court. February 17, 1906.

*R. B. Blackburn,* for plaintiff in error.

*J. L. Mayson* and *W. P. Hill,* contra.

COBB, P. J. The general rule is that courts do not take judicial notice of municipal ordinances. *Mayson* v. *Atlanta,* 77 *Ga.* 663; *McDonald* v. *Lane,* 80 *Ga.* 497. When a petition for certiorari, complaining of a conviction in a municipal court, sets forth the charge against the petitioner, it may be assumed that the act em-

braced therein has been made the subject of a valid ordinance. *Carr* v. *Conyers*, 84 *Ga.* 289; *Chambers* v. *Barnesville*, 89 *Ga.* 739. But the rule is otherwise when the petition avers merely that the accused was arraigned for the violation of a given section of the city code, or of an ordinance passed in a certain year, when there is nothing in the petition to indicate what were the provisions of the section of the city code or the ordinance. If the petition alleges that there was no ordinance making penal the act of which the petitioner was convicted, the petition upon its face would show error. *Phillips* v. *Atlanta*, 78 *Ga.* 773; *Walker* v. *Fitzgerald*, 103 *Ga.* 423. The recorder or judge of a municipal court may take judicial notice of the ordinances of the city. Neither the superior court nor the Supreme Court, in reviewing the judgment of the recorder, is permitted to take judicial notice of the ordinances. *Walker* v. *Fitzgerald*, supra; *Moore* v. *Jonesboro*, 107 *Ga.* 704. It is therefore incumbent upon the petitioner for a writ of certiorari to allege that there is no ordinance, or to make such allegations in the petition as will show the existence of the ordinance, its terms and provisions. If the existence of the ordinance is admitted, the provisions and terms of the ordinance are absolutely essential to the determination of the question as to whether the judgment is legal or illegal. If the existence of the ordinance is denied, the petition should be sanctioned; and it is incumbent upon the judge whose decision is under review to show by his answer that there was an ordinance authorizing the conviction complained of. In the present case the petition discloses a summons served upon the petitioner, requiring him to appear and answer for a violation of three sections "of the current tax ordinance" and of a given section of the city code. Nowhere in the petition appear either literally or in substance the provisions of the current tax ordinance or the section of the city code; and it is therefore impossible to determine whether, under the evidence contained in the petition, any error was committed by the recorder in adjudging the accused guilty. It is also impossible to determine whether the evidence which was objected to was inadmissible under the charge alleged to have been brought against the accused. The plaintiff in certiorari has failed to show error, if any was committed, and the judge properly refused to sanction his petition.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*