## BELL *v.* MAYOR AND COUNCIL OF FORSYTH.

1. Where one is prosecuted upon an appeal before the mayor and aldermen of a municipal corporation for the violation of a municipal ordinance, it is not erroneous to admit testimony as to the violation of the ordinance by the defendant on one or more days different from those alleged in the accusation.

(*a*) In the absence of an ordinance fixing a period of limitations to operate as a bar to prosecution for violation of an ordinance, there is no bar to such prosecution on account of the lapse of time.

(*b*) In such prosecution, the testimony as to a violation of the ordinance must be restricted to the time after which the ordinance alleged to be violated goes into effect.

(*c*) But after conviction, in order to make the point on certiorari that the ordinance was not in effect when the offensive conduct was committed, it is essential that the plaintiff allege the date of the ordinance or other facts fixing the date of conduct anterior to the date of the ordinance. If he fails to do so, it is the duty of the judge, in so far as relates to that point, to refuse to sanction the petition.

2. Under the charter of the City of Forsyth, the mayor and aldermen have no power, in reviewing the judgment of the mayor upon appeal, to increase or diminish the sentence imposed by the mayor.

3. The evidence supports the finding of the mayor and aldermen, and the

judge of the superior court did not commit error by refusing to sanction the petition for certiorari.

Argued June 20,—Decided August 13, 1906.

Certiorari.     Before Judge Reagan.     Monroe · superior court. April 21, 1906.

The defendant was tried and convicted by the mayor of Forsyth, upon accusation dated November 17, 1905, of the offense of keeping on hand intoxicating liquors for sale in his store within the limits ·of the City of Forsyth.   It was claimed that the conduct of the defendant as stated was violative of the ordinances of said city, and ·occurred on or about November 4, 1905.   After conviction the defendant was fined $100, and, being dissatisfied, appealed the case to the mayor and aldermen of said city.   Upon the trial of the appeal evidence was introduced to the effect that at different times whisky had been bought from the defendant at his store in the ·City of Forsyth.   The mayor and aldermen affirmed the judgment ·of the mayor, and fixed the fine at $100, and in default of payment ·ordered that the defendant work sixty days on the chain-gang of the city.   The defendant in his petition for certiorari complained of the judgment of the mayor and aldermen upon the general grounds that the finding was contrary to law and to evidence, and that the evidence was not sufficient to establish the guilt of the defendant beyond a reasonable doubt.  . Further special grounds were urged as follows:   (1) The admission in evidence, over the objections of counsel for the defendant, of the testimony of Thomas Edge, to the effect that he had bought whisky from the defendant ·on the 15th or 16th day of September, 1905.  ·These objections were:   (*a*) That inasmuch as the accusation alleged that the de·fendant kept liquors on hand for an illegal purpose on or about the 4th of. November, 1905, such offense was one wherein time was a necessary element, and for that reason the council should be confined to the exact dates alleged in the accusation; (*b*) that testimony as to a sale on "either the 15th or the 16th of September" was too uncertain and vague as to the day, and in no wise put the ·defendant upon notice, and that the witness should have been re·quired to specify on which of the two days the sale occurred.   (2) The council erred in admitting the testimony of Edge, to the effect that he had bought whisky from the defendant several times two years prior to the 4th day of November, 1905.   The objection was

that the testimony was too indefinite as to time and that the testimony "does not bring the purchase within the statute of limitations." (3) The council had the right to reduce the fine, even if they should affirm the judgment of the mayor; and the council erred in holding that they only had power to affirm or reverse the judgment of the mayor. The judge of the superior court refused to sanction the petition for certiorari, and the defendant excepted.

*Robert L. Berner,* for plaintiff in error.

*Cabaniss & Willingham,* contra.

ATKINSON, J. The record does not disclose evidence of any ordinance of the City of Forsyth providing that proof of the offense should be restricted to the exact date alleged in the accusation, or that a prosecution must be commenced within a specified time. If there be such ordinance, this court could not take judicial cognizance thereof. *Hill* v. *Atlanta,* 125 *Ga.* 697. In the absence of a municipal ordinance, there is no reason why the general rule should not apply which governs criminal prosecutions for the sale of whisky under State laws. In such cases it is sufficient that the proof show a violation of the statute at any time within the period of limitations. *Watts* v. *State,* 120 *Ga.* 496 (4). If the prosecution be for the violation of a municipal ordinance, and there be no ordinance of limitation, under the ruling in the case of *Battle* v. *Marietta,* 118 *Ga.* 242, the sale may be shown to have occurred at any time after the passage of the ordinance alleged to be violated. The law of bar by statute of limitation would not be involved. The only standpoint from which time appears to be important in this case is with reference to the date of the ordinance alleged to be violated, as compared with the dates upon which it is testified that it was violated. It must, of course, appear that at the time of the alleged sale the ordinance alleged to be violated was of force. If there was no such ordinance, there could be no violation. But when it affirmatively appears from the allegations of the petition that there was such an ordinance as the defendant was charged with having violated, in order to review the judgment of the municipal court on the ground that the evidence as to the time when the offense was committed was so indefinite as not to show that it was committed after the enactment of the ordinance, it is essential for the plaintiff in certiorari to set forth in his petition the date of the ordinance. Unless he sets forth in his petition the date of the

ordinance, the judge of the superior court would have no means of knowing whether the time of commission of the offense as fixed by the testimony of the witnesses was before or after the passage of the ordinance, and it would be impossible for him to pass upon the question. In such case it is the duty of the judge, in so far as that point is concerned, to refuse to sanction the petition for certiorari. *Hill* v. *Atlanta,* supra. The superior court can not take judicial cognizance of the date of the ordinance, nor can this court; but the municipal court could, and, as its jurisdiction is unchallenged, presumptions will be indulged in favor of its judgment. It will therefore be presumed that the municipal court, taking judicial cognizance of the date of the ordinance, correctly ascertained that the ordinance was in effect at the time of the offensive conduct. In order to overcome this presumption, the burden is upon the plaintiff to affirmatively allege, in his petition for certiorari, that the date of the enactment of the ordinance was subsequent to the dates upon which the testimony objected to showed the offense to have been committed.

2. The charter of the City of Forsyth (Acts 1902, p. 431), in providing for appeal from the decision of the mayor, expressly provides: *"In the event any such person or persons shall be dissatisfied with the judgment of the mayor or the mayor pro tem., he or they shall have the right to appeal to the mayor and aldermen at their next regular meeting,* upon giving bond and good security for their appearance before said mayor and aldermen to abide the final decision in said case; *and the mayor and aldermen, after hearing the evidence submitted, shall only have power to affirm or reverse the decision of the mayor or mayor pro tem."* This is an express restriction upon the part of the mayor and aldermen, and allows them *only* to *"affirm or reverse"* the decision of the mayor or mayor pro tem. They have nothing whatever to do with imposing the penalty. They can neither increase nor reduce it.

3. The evidence supported the judgment of the mayor and aldermen finding the defendant guilty, and the court did not commit error by refusing to sanction the petition for certiorari for any of the reasons assigned in the bill of exceptions.

We are well aware of the apparent anomaly which this decision brings to light. But it results from an omission on the part of the legislative department in failing to declare any period of limita-

-tion as applicable to infractions of municipal ordinances; and it is hardly probable that the municipalities themselves will supply the omission.    The result is, that, even in capital cases, except prosecutions for murder, indictments must be filed within seven years from the commission of the offense; in other felonies, within four years; in misdemeanors, within two years.    Penal Code, § 30. Of all offenses against either the State or its subordinate divisions, none, save murder and the breach of a municipal ordinance, can be prosecuted at any unlimited time after its commission.    The assassin and the man who may thoughtlessly create some slight dis-order, or perhaps spit upon the sidewalk in cities where this is prohibited, are never protected by lapse of time, however long. Surely this is one of the curiosities of the law.    Most certainly leg-islation is needed.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*