### 4443.  SHEPPARD *v.* CITY OF JACKSON.

Mere preparation to commit a crime against the laws of the State can not be punished by a municipal court as disorderly conduct, in the absence of proof of some conduct which tends to a breach of the peace, or to disturb that portion of the public which may see or hear the conduct claimed to have been disorderly.

DECIDED NOVEMBER 27, 1912.

Certiorari; from Butts superior court—Judge R. T. Daniel. August 22, 1912.

*C. L. Redman,* for plaintiff in error. *J. T. Moore,* contra.

POTTLE, J. The petition for certiorari in this case recites that the accused was tried in the mayor's court upon a charge of "disorderly conduct." The answer of the mayor sets forth that the defendant was charged with "the offense of disorderly conduct, violating that portion of the section of the city ordinance, defining disorderly conduct, which prohibits any one from assembling in the city for the purpose and with the intent of gaming," but that no ordinance was put in evidence, as no point was made on the ordinance, and there was no occasion to introduce it in evidence. The

evidence as set forth in the mayor's answer discloses that the accused and a number of others quietly assembled for the purpose of gaming, and fled upon the approach of a police officer, but that there was no disorder, nor anything done by the accused which could properly be classified as disorderly conduct. We can not take judicial cognizance of the ordinances of the City of Jackson, and hence we must rely upon the answer of the mayor that the accused was placed on trial charged with a violation of the ordinance defining disorderly conduct.

A city may properly punish for assembling for the purpose of violating the laws of the State against gaming, but, in order to do so, it must have an ordinance expressly making this act an offense against the city. A city could no more say that merely assembling for the purpose of violating a State law would be disorderly conduct than it could say that mere preparation to commit any other crime would be disorderly conduct and be punishable as such. If the City of Jackson has an ordinance which expressly makes it an offense against the city to assemble for the purpose of gambling, then, under the evidence as set forth in the answer of the mayor in this case, the accused was guilty and could properly be punished. But since it appears from the mayor's answer that the accused was charged with the offense of disorderly conduct, and the evidence demanded a finding that he was not guilty of disorderly conduct, the conviction was unauthorized. We recognize, of course, that the expression "disorderly conduct" would include a variety of acts, and generally it would be a question for the magistrate to say whether or not the particular act complained of was comprehended within the expression "disorderly conduct;" but where it affirmatively appears that the accused merely sat by a table in a perfectly quiet and peaceable manner, without disturbing anybody, simply for the purpose of engaging in a game of cards, we do not think the magistrate could properly find that he was guilty of disorderly conduct.

Generally, "disorderly conduct" means some act which tends to a breach of the peace, or at least to disturb that portion of the public which may see or hear the conduct claimed to have been disorderly. Nothing of that sort having been shown in the present case, we are of the opinion that the conviction can not stand. *Kahn* v. *Macon*, 95 *Ga.* 419 (22 S. E. 641); *Keck* v. *Gainesville*, 98 *Ga.* 423 (25 S. E. 559).

The point is made that in view of the fact that the ordinance is not set out in the record, under the principle decided in *Hill* v. *Atlanta,* 125 *Ga.* 697 (54 S. E. 354, 5 Ann. Cas. 614), this court is unable to tell whether any error has been committed, and that for this reason the judgment overruling the certiorari must be affirmed. See, also, *Bell* v. *Forsyth,* 126 *Ga.* 443 (55 S. E. 230). But a sufficient reply to this contention is that the mayor in his answer set out the substance of the ordinance under which the accused was arraigned, and, under the ordinance as thus construed by the mayor, the conviction was unauthorized. *Judgment reversed.*