### 6015. PORTER v. CITY OF THOMASVILLE.

RUSSELL, C. J. 1. While a recorder, mayor, or other judge of a municipal court may take judicial notice of the ordinances of the city, judges of the superior court and the reviewing courts have no judicial knowledge of municipal ordinances. A petitioner for a writ of certiorari, brought to review his conviction in a municipal court, must either set out the ordinance under which he was convicted, if he admits its existence, or deny that such an ordinance existed, and "if the existence of the ordinance is denied, the petition should be sanctioned; and it is incumbent upon the judge whose decision is under review to show by his answer that there was an ordinance authorizing the conviction complained of." *Hill* v. *Atlanta*, 125 *Ga.* 698 (54 S. E. 354, 5 Ann. Cas. 614).

2. An allegation that "no ordinance whatever has been adopted or enacted

in the City of Thomasville, prohibiting any of the acts alleged to have been committed by the defendant," and that "the alleged ordinance under which defendant is about to be tried, and which is charged to have been violated, has not been adopted by the mayor and aldermen of said city, and is not of force in said city" (without regard to whether an ordinance upon the same subject may at some time have been adopted), was sufficient to entitle the accused to submit proof in support of this plea; and it was error for the municipal judge ex mero motu to refuse proof and strike the plea setting up the foregoing facts.

3. In view of the foregoing rulings, consideration of the remaining assignments of error would be premature and unnecessary.

4. The judge of the superior court erred in refusing to sanction the certiorari, because his judicial knowledge no more included knowledge that the purported ordinance was legally adopted than that the ordinance previously adopted, if one was passed, was identical with the purported ordinance upon which the accused was being tried; and the allegations of the petition should have been taken to be true, prior to the answer of the judge.            *Judgment reversed. Broyles, J., not presiding.*
                    DECIDED MAY 7, 1915.

Petition for certiorari; from Thomas superior court—Judge Thomas. October 3, 1914.

*C. E. Hay,* for plaintiff in error.
*Louis S. Moore, W. C. Snodgrass,* contra.