## 6531. GRUBBS *v.* CITY OF QUITMAN.

RUSSELL, C. J. 1. Where it is sought to review by certiorari a conviction on the charge of having violated a municipal ordinance, the existence of which is admitted in the petition for certiorari, the provisions of the ordinance should be stated in the petition (*Hill* v. *Atlanta,* 125 *Ga.* 697 (2), 698, 54 S. E. 354, 5 Ann. Cas. 614), but it is not necessary that the ordinance be literally copied therein. A statement that the ordinance under which the accused was tried was one "making it a penal offense to 'keep, for the purpose of illegal sale within the limits of said city, any intoxicating liquors'" is sufficiently definite to enable the court to determine the offense charged.

2. In this case, according to the allegations of the petition for certiorari, the sole issue before the municipal court was whether the accused sold a bottle of whisky, or whether he gave it, to a named person; and it was therefore error, prejudicial to the accused, to admit, over his timely objection, the testimony of a witness who detailed an alleged conversation not shown to have been uttered in the presence or hearing of the accused, which corroborated the testimony of a witness for the prosecution that the liquor was delivered in pursuance of a sale, and contradicted the testimony of a witness for the defendant, which, if credited, showed plainly that the defendant's delivery of the intoxicant was in pursuance of a gift. The answer of the municipal court to the certiorari might have placed a different aspect upon the case by contradicting the allegations of the petition for certiorari, but, until the coming in of the answer, the allegations of the petition for certiorari, which has been duly verified, must be assumed to be true. *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (57 S. E. 975). For this reason the court erred in refusing to sanction the petition for certiorari.

*Judgment reversed. Broyles, J., dissents.*

DECIDED JUNE 25, 1915.

Petition for certiorari; Brooks superior court—Judge Thomas. March 20, 1915.

*J. D. Wade, W. A. Hansell,* for plaintiff in error.

*M. Baum,* contra.

BROYLES, J., dissenting. While I agree with the majority of the court that the evidence of the witness Ratcliff was inadmissible, because it introduced a conversation not in the presence of the defendant and not in any way connecting him with the crime, I do not think it was prejudicial to the defendant's cause. The legal evidence in the case clearly authorized the finding that the defendant was guilty as charged. See, in this connection, the opinion of the majority of this court in *Venable* v. *Atlanta,* 7 *Ga. App.* 190 (4), 192 (66 S. E. 489): "Where the legal and competent evidence against an offender in a municipal court fully supports the

finding of the recorder, the admission by him of some testimony which may have been irrelevant and inadmissible because hearsay will not demand a reversal of his judgment by a reviewing court."