19689.   NOBLES *v.* MAYOR AND ALDERMEN OF SAVANNAH.

DECIDED JUNE 11, 1929.

*Oliver & Oliver, John Z. Ryan,* for plaintiff in error.
*John J. Bouhan, E. Ormonde Hunter,* contra.

BLOODWORTH, J.   Plaintiff in error was convicted in the recorder's court of Savannah of disorderly conduct, and presented to the judge of the superior court a petition for the writ of certiorari.   Accompanying the order of Judge Meldrim refusing the writ is an opinion by him which practically covers the entire case and shows the issues involved.   That opinion is as follows: "W.

J. Nobles was convicted and sentenced in the recorder's court. 'After the testimony in said hearing had been concluded and the defendant had made his statement, and before judgment was rendered by the court and sentence pronounced by the court,' the charge against the defendant was changed upon the docket to 'disorderly conduct by making improper proposals to Miss Sadie Schwarz.' This change in the language of the charge is made the ground of certiorari, together with three other grounds which will be considered hereafter. It will be noted, by reference to the evidence, that the case was tried as one of disorderly conduct, the evidence of the prosecutrix being substantially as follows: 'About 7.10 o'clock Friday evening, January 25, a man came to the Coffee Shop and was talking to Mr. Iler, a Yellow Cab driver, on the outside. I was busy waiting on table at the time, and Mr. Iler came to the door and called Mrs. Fannie Hurst to tell me that there was a gentleman outside who wanted to speak to me. · When I got the message I went to the door and called the man talking with Mr. Iler and asked him what he wanted, and he replied that he wanted to see me after 9 o'clock. I asked him for what, and he said he wanted to make a date with me after I got off, and I told him that I was not in the habit of making dates with men I did not know. He then shook his finger in my face and told me if I did not make a date with him after I got off he was going to beat me.' The only change made on the docket was by adding the words 'disorderly conduct by,' so that the charge read when amended, 'disorderly conduct by making improper proposals to Miss Sadie Schwarz.' This change was made before judgment was rendered by the court and sentence pronounced by the court. No objection was made to this amendment; no ruling was made by the recorder on this amendment. I am now asked to grant the writ of certiorari upon the error of the recorder in making this amendment. Certiorari would not lie except for the correction of an error. The court did not err in perfecting this charge on the docket, and certainly did not err when no objection was made to the allowance of the amendment. There was no surprise expressed by the prisoner, no motion to continue, and no objection made. In my opinion there was no error committed.

"The other three grounds of certiorari are: 1. Because the judgment and sentence are contrary to the evidence. There was

evidence to support the judgment and sentence. 2. Because the same are contrary to law and contrary to the principles of justice and equity. The third ground was that making improper proposals to Miss Sadie Schwarz is no offense under the laws of the State. Grant that this is true, it is equally true that to call a woman out from her place of work, seek to make a date with her, and, upon her refusal to accede to his proposal, to shake his finger in her face and threaten to beat her, is disorderly conduct. The recorder had the witnesses before him, heard them and saw them, and he had the right to believe or disbelieve the respective witnesses, as he deemed proper. I am constrained to refuse to sanction the writ." This court agrees with Judge Meldrim.

In addition to the foregoing, the Supreme Court, in *Davis* v. *Rome*, 89 *Ga.* 724 (15 S. E. 632), held: "The municipal ordinance under which the plaintiff in error was convicted of disorderly conduct not appearing in the record, and none of its provisions being stated or recited, the Supreme Court will not reverse a judgment of the superior court overruling a certiorari brought to set the conviction aside. In order to compare evidence with the terms of an ordinance, the substance of the ordinance, if not its letter, must be before the court." In *Hill* v. *Atlanta*, 125 *Ga.* 697 (54 S. E. 354, 5 Ann Cas. 614), the headnotes are: "1. In a trial before a municipal court the recorder or other presiding judge may take judicial notice of the ordinances of the city, defining offenses against the same. 2. Neither the Supreme Court nor any other court than the municipal court can take judicial cognizance of a municipal ordinance. 3. When a petition for certiorari, brought to review a judgment rendered in a municipal court, assigns error upon the judgment of that court, on the ground that the same is contrary to the evidence, and the existence of the ordinance alleged to have been violated is admitted in the petition, but the provisions of the ordinance are not set out either literally or in substance, it is impossible to tell whether any error has been committed, and this is a sufficient reason for a judge of a superior court to refuse to sanction the petition." See *Holcombe* v. *Atlanta*, 18 *Ga. App.* 312 (89 S. E. 379).

The plaintiff in certiorari has failed to show error, and the judge properly refused to sanction the petition.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. The defendant was charged in the recorder's court with "making improper proposals to Miss Sadie Schwarz," and under this charge evidence was introduced. *After all the testimony was concluded* the charge was changed upon the docket by the court to "disorderly conduct by making improper proposals to Miss Sadie Schwarz." The defendant was found guilty and sentenced for the latter offense. We thus have a defendant convicted of a .charge under which no evidence whatever was submitted. The writer knows of no law which authorizes a change of the charge against the accused *after all the evidence has been introduced;* and no law which would authorize a conviction under a particular charge without the introduction of any evidence under *that* charge. A broad principle of law is involved in this case; and to sanction the practice as disclosed by the record would, in my opinion, constitute a dangerous precedent. Judge Meldrim, in his order refusing to sanction the writ of certiorari, refers to the change of the charge as an "amendment;" but since there was no such penal offense as "making improper proposals," there was nothing to amend. The recorder simply made the charge after all the evidence was concluded, and sentenced the defendant for an offense different from that for which he was prosecuted. "One can not be tried and convicted for an offense different from that for which he is prosecuted or called upon to answer." *Mayor &c. of Columbus* v. *Arnold,* 30 *Ga.* 517. A fortiori, he can not be convicted when the charge under which he was prosecuted constituted no penal offense at all. See also *Lesterjelle* v. *Columbus,* 30 *Ga.* 936. "Penal statutes must be construed strictly." *Rouse* v. *State,* 4 *Ga.* 139. The lax methods often employed in our recorder's courts should not go to the extent of doing violence to the fundamental principles of our system of jurisprudence. "One charged with the violation of a municipal ordinance is, equally with those charged with greater crimes, entitled to a fair and impartial trial." *Porter* v. *Thomasville,* 16 *Ga. App.* 313 (85 S. E. 283).

Since the petition for certiorari plainly shows that the real complaint of the defendant is that there is no law or ordinance covering the charge under which he was tried, and that the trial judge had no legal right to change the charge against the defendant after all the evidence was introduced, the issue before us is clearly presented. Under the issue raised, as I see it, there was no ordinance

to submit to the superior court or to this court, and, therefore, the decisions cited by my colleagues in the majority opinion are, in my opinion, not in point.

Even in civil cases, where the rule is not so strict, certain errors "render the grant of a new trial imperative, without reference to the correctness of the verdict." See *Sanders* v. *Nicolson,* 101 *Ga.* 739 (3) (28 S. E. 976). The defendant was entitled to a fair trial according to the rules of law. In my opinion he was not legally convicted and the court erred in refusing to sanction the writ.