## 28078. CHILDREY *v.* CITY OF ATLANTA.

DECIDED MARCH 13, 1940.

*Giles, Peters & Spence,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, C. S. Winn, E. L. Sterne,* contra.

MacIntyre, J. The defendant was convicted, under an ordinance of the City of Atlanta, of doing business without a license. His certiorari was dismissed, and he excepted. Counsel for the city contends that the ordinance requiring a license was not set forth in the petition for certiorari; and that the petition should have been dismissed or denied; citing *Porter* v. *Thomasville,* 16 *Ga. App.* 313 (85 S. E. 283). We recognize the rule there stated, that superior courts and the reviewing courts will not take judicial notice of municipal ordinances; and that a petition for the writ of certiorari must set out the ordinance under which the defendant was convicted, if he admits its existence; or, if he denies it, the petition should be sanctioned, and the judge whose decision is under review must then show by his answer to the petition that the ordinance authorized the conviction. However, we also recognize the rule that "Where it is sought to review by certiorari a

conviction on the charge of having violated a municipal ordinance, the existence of which is admitted in the petition for certiorari, the provisions of the ordinance should be stated in the petition (*Hill* v. *Atlanta,* 125 *Ga.* 697 (2), 698, 54 S. E. 354, 5 Ann. Cas. 614), but it is not necessary that the ordinance be literally copied therein. A statement that the ordinance under which the accused was tried was one 'making it a penal offense to "keep, for the purpose of illegal sale within the limits of said city, any intoxicating liquors,"' is sufficiently definite to enable the court to determine the offense charged." *Grubbs* v. *Quitman,* 16 *Ga. App.* 503 (85 S. E. 678). The latter rule is clearly applicable in the instant case; for a certified copy of the section of the Code of Atlanta here involved is attached to and made a part of the petition for certiorari, and is admitted by the recorder. This contention is without merit.

W. L. McKinney, city marshal, testified that the defendant operated a pressing club at 332 Woodward Avenue, S. E., known as the Economy Dry-Cleaning Company; that he had been there several times, and had seen the defendant there; and that the defendant had not paid for a license to operate this place. On cross-examination he testified, in effect, that there was a veteran's license there for some one else, but not for the defendant. He did not know whether Mr. Bramblett owned the place or not. A petition to the city by the defendant, asking for a reduction in the water bill, was offered in evidence. Bramblett testified that he had owned the place since September 29, 1933, having bought it from the defendant. A duly-recorded bill of sale, dated September 29, 1933, was introduced in evidence, and showed this to be true. Bramblett further testified, that the defendant was employed by him, but had not worked there since January 1, 1938; that he was a veteran, and he introduced his license; that the authorities tried to make a case against the defendant, and the case was dismissed. On cross-examination he testified that the defendant did not know his name was used in the petition for the reduction of the water bill; and that this had been done because the meter was already in the defendant's name, and there had been no need for change. The defendant stated, that he sold the place to Bramblett in 1933; that he worked for him until January, 1938, and quit because of arthritis (exhibiting his hands to counsel); and that he did not own or operate the place. R. B. Giles, a witness for the defendant,

testified: "Of course, your honor, I don't know who actually owns the place of my own knowledge. I do know that Bramblett claims the place out there, and very often comes down to my house and gets clothes and carries them down there, and has been doing that for the last three or four years." The Atlanta City Directory for 1937 showed: "Economy Dry-Cleaning Co. (Berry S. Bramblett), clo. clnrs., 328 Woodward Ave., S. E."

The evidence demanded a finding that the dry-cleaning company was owned by Bramblett; that the defendant had no interest in the business, and was running it for Bramblett, who was operating under a license issued by the ordinary of Fulton County, on the ground that he was a "disabled world-war soldier, a blind person." The judge erred in dismissing the certiorari. Code, § 84-2011; *Allen* v. *Atlanta,* 52 *Ga. App.* 187, 188 (182 S. E. 687), and cit; *Hartfield* v. *Columbus,* 109 *Ga.* 112 (2) (34 S. E. 288).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*