62435. DOLLAR v. THE STATE.

POPE, Judge.

Appellant was charged with violating the dog control ordinance for the City of Marietta. The case was bound over from the municipal court to the State Court of Cobb County. The state court judge remanded the case to the municipal court on the grounds that such a transfer by the municipal court was improper in the present case. It is from the order of the state court from which appellant brings this interlocutory appeal.

Under the provisions of the charter for the City of Marietta, the municipal court judge has the power "(i)n cases where it is made to appear that a *State* law has been violated, to bind the offender over to the proper court for trial." (Emphasis supplied.) Art. VI, § 6.3 (4) (Ga. L. 1977, pp. 3541, 3586). The alleged actions of the appellant in permitting his dog to be loose and unattended constitute a violation of the local dog control ordinance but do not constitute a violation of any state law. Compare Code Ann. § 62-2001 et seq.; Code Ann. §

760

62-9928. Also, see generally *Diamond v. State,* 151 Ga. App. 690 (261 SE2d 434) (1979); *State v. Burroughs,* 244 Ga. 288 (3) (260 SE2d 5) (1979), majority vacated 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980), on remand dissent adopted 246 Ga. 393 (271 SE2d 629) (1980). Therefore, the municipal court judge erred in binding the case over to the state court for disposition. The enforcement of the ordinance and punishment thereunder is governed by the provisions of the city charter and the municipal court is the proper forum for the adjudication of this issue.

The dog control ordinance adopted by the city in the present case provides that a violation thereof is punishable as a misdemeanor. Code Ann. § 27-2506 provides that a misdemeanor is punishable by a sentence not to exceed twelve months. Thus, the penalty provided in the ordinance would appear to be greater than the sentence which the city is empowered to impose. Ga. L. 1978, p. 3782, 3783. Despite this apparent ambiguity, the maximum punishment which may be imposed by the City of Marietta for a violation of its ordinance prohibiting loose and unattended dogs is the maximum allowable under the city charter, which is 30 days public work, $1000.00 fine, 60 days in jail or a combination thereof. Accord, People v. Gerus, 19 Misc. 2d 389 (3) (69 NYS2d 283) (1942). Further, the State Court of Cobb County lacks jurisdiction over the enforcement of this municipal ordinance. The jurisdiction of the state court includes "misdemeanor cases." Ga. L. 1964, p. 3211. However, this refers only to state statutes, the violation of which constitutes a misdemeanor, and does not include a city ordinance even though the punishment thereunder may be partially within the range of punishment for a misdemeanor established by state law.

For these reasons we conclude that the state court acted properly in remanding the present case to the municipal court for disposition. Appellant's enumerations of error are without merit.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 19, 1981 —
REHEARING DENIED DECEMBER 18, 1981 —

*Sammy J. Hawkins,* for appellant.
*Herbert Rivers, Solicitor, Charles S. Hunter, Assistant Solicitor,* for appellee.