## 66687. FLOYD v. THE STATE.

CARLEY, Judge.

The Solicitor for the State Court of Cobb County filed a multi-count accusation against appellant. Insofar as it is relevant to the instant appeal, the accusation alleged that appellant had violated three ordinances of Cobb County. Appellant moved to quash and dismiss the accusation on the ground that the State Court of Cobb County had no jurisdiction over cases involving the alleged violation of Cobb County ordinances. Appellant's motion was denied but the trial court certified its ruling for immediate review. Appellant's application for an interlocutory appeal was granted by this court in order that we might resolve this issue concerning the jurisdiction of the State Court of Cobb County.

Appellant relies solely upon this court's holding in *Dollar v. State* 160 Ga. App. 759, 760 (288 SE2d 42) (1981). "[T]he State Court of Cobb County lacks jurisdiction over the enforcement of this municipal ordinance. The jurisdiction of the state court includes 'misdemeanor cases.' Ga. L. 1964, p. 3211. However, this refers only to *state statutes,* the violation of which constitutes a misdemeanor, and does not include a city ordinance even though the punishment thereunder may be partially within the range of punishment for a misdemeanor established by state law." (Emphasis supplied.) Appellant asserts that *Dollar* establishes that the misdemeanor jurisdiction of the State Court of Cobb County extends only to state statutes and that the instant case, involving misdemeanor violations of county ordinances, is therefore not within the trial court's jurisdiction.

*Dollar* dealt only with the jurisdiction of the State Court of Cobb County to hear cases involving the alleged violation of a municipal ordinance. Apparently, the only basis upon which the court's jurisdiction over such municipal ordinance cases could possibly be premised was the cited 1964 statute which created the court. That statute provides in relevant part that the State Court of Cobb County "shall have jurisdiction to try and dispose of all civil and misdemeanor cases regardless of their nature..." Ga. L. 1964, p. 3211. However, unlike *Dollar,* the instant case does not involve the alleged violation of a municipal ordinance. The accusation alleges that

appellant violated county ordinances. The jurisdiction of the State Court of Cobb County to try such cases does not depend solely upon the 1964 law cited in *Dollar.*

In 1967, the legislature authorized the submission of a proposed constitutional amendment to the electorate for ratification or rejection. This proposed constitutional amendment authorized the General Assembly to empower the governing authority of Cobb County to adopt ordinances and authorize the General Assembly to grant the Superior Court and the State Court of Cobb County jurisdiction "to hear and determine cases involving violations of all county ordinances and regulations. . ." Ga. L. 1967, pp. 914, 915. The proposed constitutional amendment was ratified and, pursuant to its mandate, the General Assembly passed implementing legislation in 1969. Ga. L. 1969, p. 2486. The 1969 legislation authorized the board of commissioners of Cobb County "to adopt all such ordinances or regulations as it may deem advisable, not in conflict with the general laws of this State, and of the United States, for the governing and policing of said county for the purpose of protecting and preserving the health, safety, welfare and morals of the citizens thereof. . ." Ga. L. 1969, pp. 2486, 2489. In addition to specifying those over which the county board of commissioners was granted ordinance-making authority and specifying that violations of certain promulgated ordinances would be tried in either the Superior Court or the State Court of Cobb County, the 1969 statute further provided as follows: "The board of commissioners of Cobb County is hereby authorized and empowered to adopt ordinances prescribing penalties and/or punishment for violation of any and all ordinances adopted by said board to carry out any of the provisions of the foregoing [Act] or the provisions of any other law, and to prescribe minimum and maximum penalties and/or punishment for violation of same so that such violation shall constitute a misdemeanor which, upon conviction, shall be punishable as for a misdemeanor, unless such ordinance shall provide for a lesser penalty." Ga. L. 1969, p. 2494.

It is clear from the foregoing that the General Assembly has specifically authorized the board of commissioners of Cobb County to adopt ordinances, the violation of which "shall constitute a misdemeanor." Among the ordinances so adopted are the three which appellant allegedly violated. It is also clear that the intent of the General Assembly is that trials of such misdemeanor cases be held in the Superior Court or the State Court of Cobb County. Accordingly, unlike the prosecution for a violation of the municipal ordinance under consideration in *Dollar,* the proceeding instituted by the solicitor's accusation against appellant constitutes a "misdemeanor [case] regardless of [its] nature" and is within the jurisdiction of the

State Court of Cobb County.

This analysis is confirmed by the provisions of Ga. L. 1974, p. 2212, the statute which created the office of Magistrate of the State Court of Cobb County. "It is clear from the Act creating the magistrate's office that the General Assembly intended the magistrate's office to be a part of the state court." *Andrews v. State,* 239 Ga. 531 (238 SE2d 73) (1977). It is likewise clear from the Act that the General Assembly recognized that the State Court of Cobb County had jurisdiction over cases involving alleged violations of county ordinances. This is true because Section 10 of Ga. L. 1974, pp. 2212, 2214 provides: "The magistrate shall have the authority, *when conferred by the senior judge of the State Court of Cobb County, Georgia, to try all cases involving violations of the ordinances of Cobb County . . .*" (Emphasis supplied.) Thus, this statute clearly contemplates that jurisdiction over "all cases" involving violations of county ordinances inheres in the State Court of Cobb County.

The trial court did not err in denying appellant's motion to quash and dismiss the accusation.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 27, 1983.

*Larry W. Yarbrough,* for appellant.

*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.