## A93A2310. BROWNLEE v. CITY OF ATLANTA.
### (441 SE2d 492)

SMITH, Judge.

James Brownlee was issued a citation by the City of Atlanta for criminal trespass, OCGA § 16-7-21. Brownlee, without benefit of counsel, pled guilty to a city ordinance violation for disorderly conduct, 17-3001 (2), in Atlanta Municipal Court as a negotiated alternative to standing trial on the criminal trespass charge. The superior court denied Brownlee's petition for writ of certiorari. OCGA § 5-4-3. Brownlee then applied to this court for discretionary review of the superior court's decision, which was granted. OCGA § 5-6-35 (a) (1). This appeal followed.

In his petition to the superior court, Brownlee assigned as error, among other things, the municipal court's failure to determine whether a factual basis existed for the plea entered. Brownlee was accused in the criminal trespass citation of "refus[ing] to leave Grady Hospital premise[s] after being told 2 to 3 times," and of "panhandling when told to leave." In the municipal court proceeding, Brownlee pled not guilty to criminal trespass, the officer issuing the citation was sworn, and the court was then informed of the negotiated plea. At that point, Brownlee pled guilty to "Disorderly Conducts Section Two." The court then asked a series of questions dealing with Brownlee's awareness of the rights he was waiving by entering the plea. Brownlee answered affirmatively to each question posed. Brownlee was asked if the sentence proposed was in accord with his understanding and whether he agreed to having the case handled "on the city level." Brownlee again answered in the affirmative. The court then accepted the "reduced" plea.

The ordinance to which Brownlee pled guilty provides that it is unlawful for persons within the city limits "[t]o act in a violent or tumultuous manner toward another whereby the property of any person is placed in danger of being damaged or destroyed." The record reveals only allegations that Brownlee refused to leave Grady Hospital when told to do so and that he was panhandling at that time. It does not appear from the record that Brownlee reacted in a violent or tumultuous manner toward anyone or placed any property in danger of being destroyed as required under the Atlanta ordinance.

A court " 'shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.' " *Purvis v.*

*Connell*, 227 Ga. 764, 767 (182 SE2d 892) (1971); see *Minchey v. State*, 155 Ga. App. 632, 633 (1) (271 SE2d 885) (1980). The municipal court did not inquire into Brownlee's understanding of the nature of the violation to which he confessed guilt, and the record likewise does not show any factual basis for the plea independent of such an inquiry. The superior court therefore erred in denying Brownlee's writ of certiorari. See generally *Collum v. State*, 211 Ga. App. 158 (438 SE2d 401) (1993); *Andrews v. State*, 237 Ga. 66 (1) (226 SE2d 597) (1976).

Since we do not base our decision on Uniform Superior Court Rule 33.9,[1] we need not consider the appellant's contention that the rule is applicable in the Atlanta Municipal Court. See *Collum*, supra at 160 (Beasley, P. J., concurring specially).

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 24, 1994.

Harry S. Gardner, Rosalie M. Joy, for appellant.
Raines F. Carter, Victor E. Hendeson, for appellee.

---

[1] "Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea."