## A95A1240. McCLURE v. THE STATE.
(460 SE2d 884)

Beasley, Chief Judge.

McClure pleaded guilty to two counts each of DUI, OCGA § 40-6-391, and driving with a suspended license, OCGA § 40-5-121, and one count each of driving without proof of insurance, OCGA § 40-6-10; improper lane usage, OCGA § 40-6-123; unlawful use of license, OCGA § 40-5-125; giving a false name to a law enforcement officer, OCGA § 16-10-25; impeding traffic, OCGA § 40-6-184; and open container, a county ordinance violation. The latter is also prohibited by state law, OCGA § 40-6-253, which was not charged.[1]

On each DUI, which occurred less than two weeks apart, she received a twelve-month consecutive sentence, a $1,000 fine, and a $25 assessment for court costs for publishing her photo pursuant to OCGA § 40-6-391 (j) because she was convicted of three DUIs within five years. The court imposed concurrent 12-month sentences on the remaining charges and the required $200 fine on the driving without proof of insurance count. OCGA § 40-6-10.

McClure's sole enumeration of error is that the trial court abused its discretion in that her sentence violates the Eighth Amendment's guarantee against cruel and unusual punishment because it is excessive and disproportionate to the offenses charged. She cites but does not separately argue a violation of the state constitution, an independent ground. Thus we will not consider it, as it was not properly pursued. *Merriman v. State*, 201 Ga. App. 817, 818 (1) (412 SE2d 598) (1991).

The Eighth Amendment protects against cruel and unusual punishment, a concept which prohibits, among other things, arbitrary and disproportionate sentences. *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). Unless a sentence "is so overly severe or excessive in proportion to the offense as to shock the conscience," a legislatively authorized punishment does not ordinarily exceed the constitutional bound. *Gordon v. State*, 257 Ga. 439, 440 (360 SE2d 253) (1987). It could, if the court abused its discretion in imposing a sentence which is excessive and disproportionate in a specific case, which is what appellant claims. She does not contend that the sentence parameters fixed by the legislature are themselves unconstitutional.

The legislature provided for a maximum sentence of 12 months imprisonment, a fine of $1,000, and not less than 40 hours of commu-

---

[1] McClure was unrepresented when she entered her plea. The court subsequently appointed counsel, who filed motions to modify the sentence and withdraw the plea. At a hearing on the motion to withdraw the plea, McClure informed her attorney that she wished to withdraw that motion, which was then dismissed. McClure does not challenge her lack of representation during the plea.

nity service on each DUI count when it is the first such offense, with a higher maximum for several and subsequent offenses. OCGA § 40-6-391 (c). For the misdemeanor counts, it authorized a term of imprisonment not to exceed 12 months, a fine not to exceed $1,000, or both. OCGA §§ 17-10-3; 40-6-10 (a) (1); 40-6-391 (c) (3). The county ordinance is not in the record, so we cannot review that sentence. See *Williamson v. City of Tallapoosa*, 238 Ga. 522, 525 (233 SE2d 777) (1977). Consecutive sentences are permitted where separate and distinct crimes are charged. OCGA § 17-10-10; *Hart v. State*, 137 Ga. App. 644 (3) (224 SE2d 755) (1976). The sentences McClure received were well within what is legislatively authorized and do not shock the conscience, particularly considering appellant's record and repeated disregard of the law and the safety of others.

McClure's argument that the court committed error by failing to sentence her to a probationary period in which to pay her fine is without merit. OCGA § 40-6-391 (g) permits trial courts, but does not require them, to allow a defendant to pay a fine in installments in order to avoid economic hardship.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 17, 1995.

*Pandora E. Terry*, for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor*, for appellee.