A97A2487. REED v. THE STATE.
(495 SE2d 313)

ELDRIDGE, Judge.

A 1993 contract between the governing authority of Troup County and the governing authority of the City of LaGrange in Troup County permits a Troup County State Court judge to sit as a municipal court judge. Such is proper pursuant to OCGA § 15-7-80. However, an incorrect application of the terms of the statute and the contract has repeatedly created an unclear mingling of these judicial identities during the prosecution of criminal matters. This commingling of identities has provided a basis for an enumeration of error

before this Court in four separate cases this year.[1] The state has not bothered to file an appellate brief in any of them as required by Court of Appeals Rule 26 (b). Two cases have been reversed. *Poole v. State*, 229 Ga. App. 406 (494 SE2d 251) (1997); *Calloway v. State*, 227 Ga. App. 775 (490 SE2d 521) (1997). We, again, reverse.

The facts as stipulated by the parties and approved by the trial court show that appellant, Rexton D. Reed, was arrested for disorderly conduct under the City Code of LaGrange, § 35-1-5, in that appellant "was observed being loud and boisterous and using profane language at Callaway Stadium [wherein appellant] stated 'this is bullshit, I bought my mother fucking ticket' in the presence of others and children."

An accusation drawn in the State Court of Troup County, 96-S-4254, charged appellant with disorderly conduct in violation of the city ordinance in that appellant did "unlawfully at Callaway Stadium being [sic] loud, boisterous and using abusive language in the presence of others contrary to the laws of said State, the peace, good order and dignity thereof."[2] At the subsequent bench trial, the state offered testimony of the arresting officer. The prosecuting attorney did not introduce into evidence the municipal ordinance under which appellant was charged.

Appellant moved for a directed verdict based on the sufficiency of the evidence, since the city ordinance was not tendered. The state argued that because the 1993 contract permits a Troup County state court judge to sit as a municipal court judge, "the State Court of Troup County could take judicial notice of the municipal ordinance." (Emphasis supplied.) The trial judge agreed, and appellant was found guilty of disorderly conduct. The sentencing sheet was signed by the judge, "Troup County State Court." Two issues raised herein are addressed:

(a) Neither the trial court nor the appellate courts may take judicial notice of the provisions of a municipal ordinance; where such ordinance is relied upon, it must be pleaded and proved in the trial court. *Calloway*, supra; *State v. Fowler*, 182 Ga. App. 897 (357 SE2d 329) (1987); *Dudley v. State*, 161 Ga. App. 310 (1) (287 SE2d 763) (1982). The prosecutor's failure to introduce the disorderly conduct ordinance under which appellant was charged resulted in a failure of proof, and the evidence was insufficient as a matter of law to warrant

---

[1] *Poole v. State*, 229 Ga. App. 406 (494 SE2d 251) (1997); *Williams v. State*, 228 Ga. App. 698 (492 SE2d 708) (1997); *Calloway v. State*, 227 Ga. App. 775 (490 SE2d 521) (1997).

[2] Using "abusive" language in the presence of "others" is not a violation of state law. The state law offense requires as additional essential elements that the abusive language used (1) be "without provocation," and (2) "tend to incite to an immediate breach of the peace." OCGA § 16-11-39 (a) (3); see also *Carroll v. State*, 224 Ga. App. 543 (481 SE2d 562) (1997).

appellant's conviction in the State Court of Troup County for the ordinance violation. *Calloway*, supra; *Woodward v. State*, 219 Ga. App. 329, 330 (465 SE2d 511) (1995).

(b) The 1993 contract permitting a Troup County State Court judge to sit as a municipal court judge does not change this result. OCGA § 15-7-80 states, "The governing authority of any county may contract with the governing authority of any municipality within the county for the county to furnish municipal court services to the municipality as authorized by this article; and the governing authorities of municipalities are likewise authorized to enter into such contracts with county governing authorities." While the contracting of judicial services is permitted, such contract does not create *concurrent* jurisdiction in the state and municipal courts. When exercising the terms of the contract, a state court judge does not sit in the capacity of a state court judge, but assumes the role of a judge of the municipal court, with all its *limited* jurisdiction.

Accordingly, the state and municipal courts must remain separate, and the state court must specifically identify when it is acting in a municipal court capacity: "When acting as officers of the municipal court all judges and other officers of the state court shall be styled as judges and officers of the municipal court; and all pleadings, process, and papers of the municipal court shall be styled as such and *not* as pleadings, process, and papers of the state court. The dockets and other records of the municipal court shall be kept *separately* from those of the state court." (Emphasis supplied.) OCGA § 15-7-83. The language of OCGA § 15-7-83 requiring such clear separation in judicial roles and functions is reiterated verbatim in the 1993 contract, which was introduced below as stipulated "Exhibit A."

This clear designation of judicial roles protects due process in that it affords pretrial notice to an accused regarding whether he is to defend against a state or municipal charge for the same conduct, not both;[3] it delineates the authority and jurisdiction of the presiding judge;[4] it impacts on procedures relating to a defendant's right to trial;[5] and upon conviction, such clear designation is imperative in order to perfect a defendant's appellate rights, since an appeal of a municipal court conviction is filed as a writ of certiorari in superior court, and an appeal of a state court conviction is filed with this

---

[3] In the instant case, as in the other cases out of Troup County which have been previously referenced, the accusation drawn in state court did not specify whether the offense charged was a violation of state law or a municipal ordinance violation; in this way a prosecutor has been allowed to argue both. See, e.g., *Williams*, supra.

[4] *Kolker v. State*, 260 Ga. 240 (391 SE2d 391) (1990); *Dollar v. State*, 160 Ga. App. 759 (288 SE2d 42) (1981).

[5] *State v. Millwood*, 242 Ga. 244, 246 (248 SE2d 643) (1978); *Key v. Stewart*, 228 Ga. 516 (186 SE2d 739) (1972).

Court. OCGA § 5-4-3; see, e.g., *Brownlee v. City of Atlanta*, 212 Ga. App. 174 (441 SE2d 492) (1994). Also of no little significance, the required separation of judicial identity and functions controls whether any fines collected will be directed into county coffers or city coffers.

In this case, the prosecution advised the state court judge to find that, since the judge had the *authority* to sit as a municipal court judge, she had the ability to take judicial notice of a municipal ordinance — *even when she was sitting as a state court judge.* This was poor advice. Nothing in the state Constitution, the state Code, or the Troup County contract creates this type of "hybrid" court simply because the same judge may preside in both courts. In fact, the emphasis on the separation of the courts' functions and identities in the Constitution, the statute, and the terms of the contract[6] prohibits such a creation. Ga. Const. of 1983, Art. VI, Sec. I; OCGA § 15-7-1. Thus, when acting in the capacity of a state court judge, the judge may not exercise concurrent jurisdiction and authority as a municipal court judge. See *Dollar v. State*, 160 Ga. App. 759 (288 SE2d 42) (1981); *Floyd v. State*, 168 Ga. App. 645 (310 SE2d 749) (1983). Likewise, when the judge acts in the capacity of a municipal court judge, she may not exercise concurrent jurisdiction and authority as a state court judge. See *Kolker v. State*, 260 Ga. 240 (391 SE2d 391) (1990); *Rangel v. State*, 217 Ga. App. 152 (456 SE2d 739) (1995); *Millwood*, supra. Herein, the trial judge erred in taking judicial notice of a City of LaGrange ordinance while presiding as a judge of the State Court of Troup County.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 12, 1997.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.
*Louis J. Kirby, Solicitor*, for appellee.

---

[6] The failure to clearly separate the identities of the state and municipal courts could be seen as a breach of the terms of the contract; as such, any subsequent convictions could be the result of actions ultra vires and void.