## A03A0249. COLLIER v. MERCK et al.

(584 SE2d 1)

RUFFIN, Presiding Judge.

Demetrius Collier was convicted in DeKalb County Recorder's Court of violating DeKalb County Code § 16-45.2, which prohibits loitering for drug-related purposes. Challenging the sufficiency of the evidence, Collier appealed his conviction by petitioning for a writ of certiorari to the superior court.[1] The superior court found the evidence sufficient and dismissed Collier's petition. For reasons that follow, we affirm.[2]

On appeal, Collier asserts that the superior court applied the wrong standard of review. He further argues that, under *any* appellate standard, the evidence was insufficient to find him guilty of loitering for drug-related purposes. We do not reach these issues, however, because Collier's petition for writ of certiorari is fatally and fundamentally flawed.

Although a recorder's court may take judicial notice of a local ordinance, neither the superior court nor this court may take such notice.[3] Thus, a certiorari petitioner challenging the sufficiency of evidence presented in recorder's court to prove an ordinance violation must provide the relevant ordinance to the reviewing court.[4] The petitioner need not submit an exact copy of the ordinance, but he must set forth the provision's substance so that the reviewing court can " 'determine the offense charged.' "[5] As our Supreme Court has explained, "to compare evidence with the terms of an ordinance, the substance of the ordinance, if not its letter, must be before the court."[6]

Collier's petition does not recite the provisions of DeKalb County Code § 16-45.2. Furthermore, we have not found, and Collier has not referenced, any other portion of the record setting forth the sub-

---

[1] See *Smith v. Gwinnett County*, 246 Ga. App. 865, 867 (1) (b) (542 SE2d·616) (2000) ("[T]he proper procedure for appealing decisions from a county's recorder's court is by certiorari to the superior court."); OCGA §§ 5-4-3; 15-6-8.

[2] We granted Collier's application for discretionary appeal on August 7, 2002.

[3] See *Hill v. City of Atlanta*, 125 Ga. 697, 698 (54 SE 354) (1906); *Reed v. State*, 229 Ga. App. 817, 818 (a) (495 SE2d 313) (1997); *Bateman v. City of Atlanta*, 51 Ga. App. 10 (1), (2) (179 SE 403) (1935).

[4] See *Childrey v. City of Atlanta*, 62 Ga. App. 107, 108 (7 SE2d 919) (1940); *Wright v. City of Atlanta*, 61 Ga. App. 650 (1) (7 SE2d 215) (1940).

[5] *Childrey*, supra. See also *Crowe v. City of Atlanta*, 75 Ga. App. 67, 70 (42 SE2d 160) (1947); *Bateman*, supra at 10 (3); *Wright*, supra.

[6] *Davis v. City of Rome*, 89 Ga. 724 (15 SE 632) (1892). See also *Williamson v. City of Tallapoosa*, 238 Ga. 522, 525 (233 SE2d 777) (1977) (because relevant ordinance did not appear in petition or elsewhere in record, superior court could not review petitioner's allegation that evidence did not authorize his conviction in recorder's court); *McClure v. State*, 218 Ga. App. 365, 366 (460 SE2d 884) (1995) (Court of Appeals cannot review sentence handed down under county ordinance that is not in the record).

stance of this ordinance.[7] The record only discloses its title — loitering for drug-related purposes.[8] Because we do not know the elements of this offense or what constitutes a violation, we have no context within which to review the evidence. Consequently, "it is impossible to determine whether . . . any error was committed by the recorder in finding [Collier] guilty."[9]

We recognize that the trial court did not base its decision on this fundamental, procedural flaw. But the county raised it as a ground for dismissal below, and "where the [superior] court is right for any reason, its judgment will be affirmed."[10] Accordingly, the superior court did not err in dismissing Collier's petition.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003 —
RECONSIDERATION DENIED JUNE 20, 2003.

*Larry D. Wolfe, Mark Yurachek,* for appellant.
*Charles G. Hicks, William J. Linkous III, Allison L. Byrd, Sam L. Brannen, Sonja M. Cox,* for appellees.

---

[7] Compare *Ayers v. City of Atlanta*, 236 Ga. 543, 544 (224 SE2d 392) (1976) (because municipal court judge recited applicable ordinance provision on the record, superior court erred in concluding that petitioner failed to establish the terms of the ordinance).

[8] In a brief filed with the superior court, Collier set forth the provisions of DeKalb County Code § 16-68, which prohibits creating a hazardous or physically offensive condition. On appeal to this court, however, Collier concedes that he was convicted of violating County Code § 16-45.2, and he seeks reversal of that conviction.

[9] *Bateman,* supra. See also *Williamson,* supra; *Davis,* supra.

[10] (Citations and punctuation omitted.) *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 28 (2) (486 SE2d 28) (1997). See also *Williams v. State*, 91 Ga. App. 124 (1) (85 SE2d 91) (1954) ("If the judgment of a superior court dismissing or overruling a certiorari is correct for any reason, the judgment will be affirmed.").